## ADAMS EXPRESS COMPANY *v.* IOWA.

ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.

No. 82.  Argued December 2, 1904.—Decided January 3, 1905.

*American Express Co.* v. *Iowa, ante,* p. 133, followed.

THE facts are stated in the opinion.

*Mr. Lawrence Maxwell, Jr.,* for plaintiff in error.[1]

*Mr. Charles W. Mullan,* Attorney General of the State of Iowa, for defendant in error.[1]

MR. JUSTICE WHITE delivered the opinion of the court.

This was an indictment against the Adams Express Company, in a court of Iowa, for maintaining a nuisance in violation of a section of the code of that State. It was charged in the indictment in substance that the Adams Express Company, between July and December, 1900, at St. Charles, Madison County, Iowa, used a building for the purpose of selling intoxicating liquors therein, contrary to law, and that the company owned and kept in said building intoxicating liquors with the intent unlawfully to sell them within the State, contrary to an Iowa statute. There was a plea of not guilty, a trial and verdict of guilty, and a sentence imposing a fine of $350 and costs.

An agreed statement of facts was stipulated, from which it appears that the Adams Express Company was a common carrier, engaged in the express business between the States of Missouri and Iowa; that it received the liquor in question at

---

[1] This case was argued simultaneously with *American Express Co.* v. *Iowa,* for abstracts of arguments see p. 134, *ante.*

St. Joseph, Missouri, to be carried to St. Charles, Iowa, there to be delivered to the consignees, whose names were upon the packages, and that each and all were marked C. O. D., meaning that they were not to be delivered by the express company to the consignees until the purchase price and the express charges were paid to the agent of the express company. It was further recited in the statement of facts that the only connection of the Adams Express Company with the transaction or transactions in relation to said liquors was as a common carrier, having received the same in Missouri for carriage to the consignees at St. Charles, Iowa.

The trial court charged the jury, in substance, that if from the evidence it appeared, beyond a reasonable doubt, that the defendant express company held at its depot for delivery to the consignees packages of liquor shipped from other States, upon which the price was to be collected under a C. O. D. arrangement, the defendant must be found guilty of keeping and maintaining a place for the sale of intoxicating liquors within the meaning of the Iowa statutes.

On appeal to the Supreme Court of Iowa from the judgment of conviction the action of the trial court was approved upon the authority of the case of the State of Iowa against the American Express Company, and at bar it was conceded that the issues in this case "are identical in every particular" with those which were involved in that case. As we have just reversed the judgment of the Supreme Court of Iowa in the *American Express Company* case, it follows, for the reasons stated in the opinion in that case, that the judgment in this must also be reversed.

*The judgment of the Supreme Court of Iowa is reversed, and the cause is remanded to that court for proceedings not inconsistent with this opinion.*

MR. JUSTICE HARLAN dissents.