A. R. JONES, Plaintiff, v. O. A. BYINGTON, Judge, De-
fendant.

**Intoxicating liquors:** VIOLATION OF LAW: BURDEN OF PROOF. A liquor
dealer has the burden of showing compliance with the legal
requirements which are precedent to the opening of a saloon,
but one complaining must affirmatively show a violation of
law involving conduct only.

**Mulct saloon:** MORE THAN ONE ROOM. The provisions of the mulct
2  law are violated by the maintenance of a saloon connected by
a window with other rooms on the same floor, and by a stair-
way with the basement through which, in connection with
other rooms, another street is reached by a separate stair-
way.

**Presence of minors.** The provisions of the mulct law that no minor
3  shall be allowed in a saloon apply to the children of the pro-
prietor as well as to other minors.

WEDNESDAY, JULY 12, 1905.

ACTION of certiorari originally brought in this court to
determine the correctness of certain proceedings had before
the defendant, as judge of the Eighth Judicial District, and
all as more fully stated in the opinion. — *Annulled.*

*Milton Remley,* for plaintiff.

*Ranck & Bradley,* for defendant.

BISHOP, J. — It appears that in April, 1904, an action
in equity was brought in the Johnson district court against
one Joseph Bettag, charging him with maintaining an intoxi--
cating liquor nuisance on certain premises in the town of
Oxford in said county.  Such proceedings were had in said
action that there was a decree for permanent injunction.  It
was provided in the decree, however, that a writ of abatement
should not issue for 30 days, and not thereafter provided that
Bettag comply in all respects with the mulct saloon law in
the arrangement and conduct of his place of business.  In
March, 1905, this plaintiff filed an information charging
the said Bettag with violating said injunctional decree, and
praying for his arrest to answer as for contempt, and to
show cause why a writ of abatement should not issue.  A
warrant was duly issued, and, upon being brought in, Bettag
filed answer, denying generally.  A hearing was had, the
evidence of witnesses being taken and reported by the official
shorthand reporter, at the close of which the defendant was

found guiltless and was discharged. The instant proceedings were then commenced in this court.

The return of the defendant includes, in addition to the papers filed and the record entries, the evidence taken upon the hearing for contempt. Therefrom it appears without conflict that Bettag was conducting a saloon and engaged in the sale of intoxicating liquor at Oxford at the time the information was filed. There was no attempt on his part to make proof that those general requirements of the mulct law which are in the nature of conditions precedent had been complied with. On the contrary, the hearing seems to have proceeded upon the theory that the law had been put in force in the town, and the evidence pro and con was addressed to the sole question whether, in conducting his saloon, Bettag had observed the requirements of the law having direct relation to the character of his place of business, and the matter of his conduct in operating the same.

Counsel for the instant plaintiff take the position that, having made proof of the keeping for sale and selling of intoxicating liquor, the burden was cast upon Bettag to show 1. INTOXICATING 'full compliance with all the requirements of law LIQUOR: violation of law; necessary to legal operation, and, in a qualified burden of proof. sense, we may concede the position to be well taken. Without doubt, a dealer must take the burden of showing performance of all those things which are in their nature conditions precedent to the opening of a saloon, and it is not going too far to require him to show that the physical aspects of his place of business conform to the requirements of the law. But it is for the complaining party in all cases to show violations of the law involving matters of conduct only, as that sales were made to minors, or on Sunday, etc.

The record before us, however, does not require that we draw any nice distinctions as to the burden of proof. Conceding the mulct law to be in force, we find positive proof that the requirements thereof were not being complied with

by Battag, both in respect of the physical character of his place of business, and as to his conduct of such place. The law requires that the business shall be carried on in one room, having but one

**2. MULCT SALOON: more than one room.**

entrance, and that upon a public street. Bettag had at least two rooms — a barroom proper, and a basement room underneath in which liquors were kept, the two being connected by a flight of stairs. And, further, it appears that the basement room was connected with other rooms in the building, and through them into a side street, by another and separate flight of stairs. In addition to this, there was near the rear end of the barroom an opening in the wall, in character of a window, through which communication could be had with other rooms on the main floor of the building.

As to the conduct of the place, there is undisputed evidence of sales of liquor to a minor; there is evidence that the minor son of Bettag was frequently in the saloon and behind the bar; and there is evidence that the hours specified in the statute within which a saloon may be kept open were not strictly ob-

**3. PRESENCE OF MINORS.**

served. Counsel for defendant seem to think that the spirit of the law was not violated by the presence of the minor son of Bettag behind the bar. We think otherwise. It is the mandate of the statute that " no minor shall be allowed in the room," and that no person shall be allowed behind the bar except those whose names are listed with the county auditor. The children of the keeper of the place come within the prohibition, as well as the children of his neighbor. And the reasons therefor are not different in any material respect. As to the matter of the opening and closing of the saloon, the evidence is somewhat in conflict, and, if this were all, we should hesitate before assuming to condemn. It is sufficient, however, to say that in the other respects mentioned the evidence is clear and satisfactory, and therefrom we may justify the conclusion, which we reach, that contempt of the injunction decree was made out, and there should have

been judgment accordingly.    See the cases cited in *Bell v. Hamm,* 127 Iowa 343.

The order of discharge as entered in the proceedings for contempt in question is annulled, and such further proceedings are directed to be had in that behalf as by law provided. — *Annulled.*