SAMUEL WESTHEIMER & SONS, Appellants, v. WILLIAM HA-
BINCK, Appellee.

131  643
f141  171

**Intoxicating liquors:** SALE IN FOREIGN STATE: RECOVERY OF PRICE.
1  Liquors lawfully sold in another State to be delivered here are
within the interstate commerce act and our statute prohibiting
traffic in intoxicants has no application, even though retained
for a time by the common carrier in this State and afterwards
reshipped to the consignee, and the vendor may recover the
price.

**Laws of other States:** PRESUMPTION. The presumption that the
2  law of a foreign State is the same as that of Iowa will not
obtain where the effect is to work a forfeiture.

*Appeal from Monona District Court.*— HON. WILLIAM
HUTCHINSON, Judge.    .

WEDNESDAY, OCTOBET 17, 1906.

THE case was submitted upon an agreed statement.    It
involves the liability of defendant for intoxicating liquor sold
and delivered to him by plaintiff.    The trial court found for
defendant, and plaintiff appeals.— *Reversed.*

*C. R. Metcalfe,* for appellant.

*P. W. Harding,* for appellee.

DEEMER, J.— Plaintiff is engaged in the wholesale
liquor business at St. Joseph, Mo.    It is not authorized to
do business· in this State, never having complied with the
laws of this jurisdiction, although it sold liquor here.    It
had a traveling agent in Iowa who solicited and received or-
ders for intoxicating liquors to be shipped from the house
in Missouri.    This agent received two orders from defend-
ant, one for $59, and the other for $44.80.    The first order

.was shipped directly from St. Joseph, Mo., to defendant at Ute, Iowa; and the other was first shipped by plaintiff to one of its customers at Ricketts, Iowa, but was never delivered to him, and, after remaining in the railway warehouse for a few days, it was reshipped by plaintiff from Ricketts to Ute. Defendant did not know of this reshipment of the goods. He received all his liquor during the latter part of the year 1903. It is agreed that plaintiff had the right to accept or reject the orders sent by defendant, and it in fact accepted each of them at its place of business in St. Joseph, Mo.

Under the showing made, if the sales of liquor were in this State, no recovery may be had of the purchase price, for there is no showing that such sale would have been lawful, and, as prohibition is the rule, the burden was upon plaintiff to show that the sales, if made in this State, were lawful. If, however, the sales were made in Missouri, and were lawful where made, plaintiff may recover, for our statute prohibiting traffic in intoxicants does not apply to interstate commerce. As to one sale there can be no doubt that the transaction was interstate in character, and not subject to our law, and we think the same rule must be applied to the other. True, the goods had theretofore been shipped into Iowa, but they had never been delivered to the consignee or otherwise treated so as to make them a part of the common mass of property in the State. True, they were in the hands of a common carrier, as a warehouseman in this State, just a few days before they were ordered reshipped to the defendant; but while in the hands of the carrier, and before delivery to the consignee, they were subject to the control and direction of the plaintiff, and until delivery did not become subject to our police regulations. The sale was made in Missouri, and the order for reshipment to defendant did not constitute a sale in this State. *Gross v. Feehan,* 110 Iowa, 163; *Rhodes v. Iowa,* 170 U. S. 412 (18 Sup. Ct. 664,

1. INTOXICATING LIQUORS: sale in foreign state: recovery of price.

42 L. Ed. 1088); *Adams Express Co. v. Iowa,* 196 U. S. 147 (25 Sup. Ct. 185, 49 L. Ed. 424), and cases cited.

But it is argued that the presumption is that the laws of Missouri are the same as those of Iowa, in the absence of proof to the contrary, and that plaintiff cannot recover with-

2. LAWS OF OTHER STATES: presumption. out showing that the sales were legal where made. As a general rule, the presumption is that the law of a foreign State is similar to our own; but this does not obtain if the assumption would impose a penalty or work a forfeiture. *Fred Miller Co. v. De France,* 90 Iowa, 395; *Schoenberg v. Adler,* 105 Wis. 645 (81 N. W. 1055); *Smith v. Whitaker,* 23 Ill. 367; *Harris v. White,* 81 N. Y. 532; *Grider v. Driver,* 46 Ark. 50. Assuming similarity of the Missouri statutes to our own would defeat plaintiff's cause of action, in other words, enforce a forfeiture upon him, and this we should not do. There is no claim that the sale was made to enable defendant to violate the laws of this State, nor that it was made with intent to violate the same. No good reason is shown why plaintiff should not recover for goods sold and delivered.

It is agreed that judgment may be rendered in this court for the amount due. Judgment is therefore ordered for plaintiff and against defendant for the sum of $103.80, with costs, not only of this court, but of those in justice and district court.— *Reversed.*