CASE 66.—PROSECUTION AGAINST THE CINCINNATI, N. O. & T. P. Ry. Co. FOR CARRYING INTOXICATING LIQUORS INTO A LOCAL OPTION DISTRICT.—October 3.

# Cincinnati, N. O. & T. P. Ry. Co.<br>v. Commonwealth

Appeal from Boyle Circuit Court.

W. C. Bell, Circuit Judge.

Defendant convicted and appeals.—Reversed.

1. Intoxicating Liquors — Offenses — Transportation. — Where a carrier received in another state intoxicating liquor consigned to a person in the state, and delivered the same to him in a

county where the local option law prevailed, its act was within Acts 1906, p. 320, c. 63, declaring it unlawful for a common carrier to bring into or deliver in any county, etc., where the sale of intoxicating liquor is prohibited, any intoxicating liquor.

2. Commerce—Interstate Commerce—Regulation by States.—Under the provision of the Constitution of the United States that Congress shall have power to regulate commerce among the several states, Acts 1906, p. 320, c. 63, which undertake to impede, burden, or regulate the bringing of intoxicating liquors by carriers into the state, is unconstitutional and void.

3. Same—Intoxicating Liquor.—That liquor was taken from a point in Kentucky to a point outside the state, and from there shipped back to a consignee in Kentucky, for the purpose of evading the local option law of Kentucky, did not as against the carrier render such shipment subject to state regulation, as not being interstate commerce.

4. Same.—Whether a carrier knew that the commodity presented for transportation from one state to another was malt liquor, or that the point to which shipped was in a local option district, is immaterial as affecting the liability of such shipment to the state regulation.

CHARLES H. RHODES attorney for appellant.

JOHN GALVIN of counsel.

The appellant being a common carrier engaged in interstate commerce, carried the case of beer from Cincinnati, Ohio, to Danville, Ky., and there delivered it to the consignee in pursuance of a contract made by it with the shipper in Cincinnati. In making and performing that contract of shipment the appellant was engaged in interstate commerce, and the statute which made the doing of that thing an offense, is repugnant to the commerce clause of the Constitution of the United States.

AUTHORITIES CITED.

Lottery Cases, 188 U. S., pp. 321-352; Wabash, St. L. & Pa. Ry. Co. v. Illinois, 118 U. S., p. 557; Vance v. Vandercook Co., 170 U. S., pp. 438-444; Bowman v. C. & N. Ry. Co., 125 U. S., p. 465; Leisy v. Hardin, 135 U. S., pp. 100-110; Heyman v. Southern Ry. Co., 203 U. S., p. 270; Rhodes v. Iowa, 170 U. S., pp. 412-415; Lord v. Goodall, N. P. S. S. Co., 102 U. S., p. 541; Pacific Coast S. S. Co. v. R. R. Commissioners, 18 Fed. Rep., p 10; Hanley v Kansas

Cincinnati, N. O. & T. P. Ry. Co. v. Commonwealth.

City Ry. Co., 187 U. S., pp. 617-619; American Express Co. v. Iowa, 196 U. S., p. 133; Adams Express Co. v. Iowa, 196 U. S., p. 147; Adams Express Co. v. Commonwealth, decided in May, 1907, by the Supreme Court of U. S.; Ky. Stats., section 5557B; Ball v. Commonwealth, 81 Ky., p. 663; Session Acts 1906, p. 320.

N. B. HAYS, Attorney General, for commonwealth.

Under the rulings of the Supreme Court of the United States, the appellant could not refuse to carry the package when tendered to it at Cincinnati, Ohio, and although it was shipped from Newport by automobile or otherwise to its freight station in Ohio and from there to Danville, it seems under the ruling of the Supreme Court in the case of Hanley v. Kansas City R. R., 187 U. S., 619, it was an interstate commerce shipment. Under the ruling in this case and the similar rulings in the Adams Express Company cases recently decided, and the cases therein referred to, we are of the opinion that the transportation by the appellant company was and is an interstate shipment and is within itself interstate commerce, and it is therefore not liable. I do not feel that it is my duty to contend for a legal proposition which I believe to be unsound.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

The appellant, Cincinnati, New Orleans & Texas Pacific Railroad Company, was indicted by the grand jury of Boyle county, charged with the offense of transporting liquor into Boyle county where the local option law prevails, in contravention of the provisions of an act of the General Assembly of the Commonwealth of Kentucky approved March 21, 1905. entitled "An act to regulate the carrying, moving, delivering, transferring, or distribution of intoxicating liquors in local option districts." Acts 1906, p. 320, c. 63. A plea of not guilty was entered, and a trial resulted in the conviction of the defendant and the infliction of a fine of $60 of which it is now complaining.

The evidence showed that appellant is a railroad

corporation whose northern terminus is in Ohio, and whose southern is in the state of Tennessee, and that it is engaged in the business of a common carrier between its terminii and all immediate points along its line; and it received in the city of Cincinnati, in the regular course of business, a box containing five gallons of beer in bottles, which was consigned to Henry Silliman, in Danville, Ky.; that, as a common carrier, it transported this box from Cincinnati to Danville, and there delivered it to the consignee. There can be no doubt that this act of the defendant (appellant) is directly within the prohibition of the statute under which the indictment was framed, and that, if it is within the province of a State by its laws to regulate or control interstate commerce, then the conviction and punishment of the defendant was just and proper. It has been a well-settled principle ever since the case of Gibbons v. Ogden, 9 Wheat. (U. S.) 1, 6 L. Ed. 23, that under the Constitution of the United States the right "to regulate commerce with foreign nations, and among the several states, and with the Indian tribes," is exclusively within the province of Congress, and that any State statute which undertakes to impede, burden, or regulate such commerce is unconstitutional and void. Brown v. Maryland, 12 Wheat. (U. S.) 419, 6 L. Ed. 678; License Cases, 5 How. (U. S.) 504, 12 L. Ed. 256; Leisy v. Hardin, 135 U. S. 100, 10 Sup. Ct. 681, 34 L. Ed. 128; American Express Co. v. Iowa, 196 U. S. 133, 25 Sup. Ct. 182, 49 L. Ed. 417; Adams Express Co. v. Iowa, 196 U. S. 147, 25 Sup. Ct. 185, 49 L. Ed. 424; Vance v. Vandercock Co., 170 U. S. 438, 18 Sup. Ct. 674, 42 L. Ed. 1100; Bowman v. C. & N. Ry. Co., 125 U. S. 465, 8 Sup. Ct. 689, 1062, 31 L. Ed. 700; Rhodes v. Iowa, 170 U. S. 412, 18 Sup. Ct.

664, 42 L. Ed. 1088; Lord v. Goodall, N. P. S. S. Co., 102 U. S. 541, 26 L. Ed. 224; Pacific Coast S. S. Co. v. R. R. Commissioners (C. C.) 18 Fed. 10; Hanley v. Kansas City Ry. Co., 187 U. S. 617, 23 Sup. Ct. 214, 47 L. Ed. 333.

We do not think the fact that the liquor in question was brought from Kentucky to Cincinnati by the consignor, and there shipped to the consignee in Kentucky, in any wise changed the legal complexion of the transaction from one of legitimate interstate commerce, or that it had any tendency to bring it within the purview of a State statute. In the case of Heyman v. Southern Ry. Co., 203 U. S. 270, 27 Sup. Ct. 104, 51 L. Ed. 178, the Supreme Court of the United States held that the common carrier was compelled to carry liquor from one state into another when it was tendered for transportation in the regular course of business and was bound to deliver it to the consignee, and that no state law could be applied until the liquor had been actually delivered into the possession of the consignee. In the case of Rhodes v. Iowa, 170 U. S. 412, 18 Sup. Ct. 664, 42 L. E. 1088, it was held that, where liquor was shipped from Illinois into Iowa, the statutes of the latter state could in no wise control the transaction in transit or before it was delivered to the consignee. In the case of Lord v. Goodall, N. P. S. S. Co., 120 U. S. 541, 26 L. Ed. 224, it was held that where goods were shipped from one point in a state to another point in the same state, by means of coastwise navigation on the high seas, the shipment was one of interstate commerce, and beyond regulation by the state In Pacific Coast S. S. Co. v. R. R. Commissioners (C. C.) 18 Fed. 10, Mr. Justice Field said: "To bring the transportation within the control of the State, as part of its domestic commerce,

the subject transported must be within the entire voyage under the exclusive jurisdiction of the State'' And in Hanley v. Kansas City Ry. Co., 187 U. S. 617, 23 Sup. Ct. 214, 47 L. Ed. 333, the Supreme Court, after quoting with approval the language of Mr. Justice Field above stated, held that a shipment from one point in Arkansas to another point in that State by a continuous journey by rail, but which in the course of transportation passed out of the State of Arkansas into the Indian Territory, and then back again into Arkansas, was interstate commerce, and could not be regulated or controlled by legislation of the state of Arkansas.

The question of the shipment on the part of the consignor being a trick or device to evade the local option laws of Kentucky has no place in the transaction, so far as the common carrier is concerned. It cannot be a trick or device inimical to law to do that which the carrier not only had a right to do, but which it was under law bound to do. As a common carrier of interstate commerce, it could not refuse the shipment. So far as it was concerned, the State had no power to regulate its business, and it could not be said to violate by trick or device laws which could have no application to its business or control thereof. It was therefore immaterial whether the carrier knew, or did not know, that the commodity presented for transportation was malt liquor, or that Boyle county was a local option district. The Supreme Court of the United States, since the case of Brown v. Maryland, 12 Wheat. (U. S.) 435, 6 L. Ed. 678, has held that spirituous, vinous, and malt liquors are legitimate subjects of interstate commerce, and beyond the control of State laws when constituting a part of such commerce.

The evidence in this case establishing beyond question that the shipment for which the appellant was indicted was interstate commerce, it was entitled at the close of the testimony for the State to a peremptory instruction to find it not guilty, and the trial court erred in overruling the motion for such an instruction.

The foregoing reasoning, however, has no application to the consignor brewing company, and we express no opinion as to the validity of its action in the premises.

The judgment is reversed for proceedings consistent with this opinion.

CASE 67.—MOTION BY A. B. CORNETT AGAINST A. J. ASHER, IN THE COURT OF APPEALS, TO DISMISS THE APPEAL AND DISCHARGE THE SUPERSEDEAS.— October 4.