MANDERSCHEID SONS Co., Petitioners, v. JOHN F. OLIVER, Judge, and DISTRICT COURT OF WOODBURY COUNTY, IOWA.

**Intoxicating liquors:** VIOLATION OF INJUNCTION: MORE THAN ONE ROOM: CONTEMPT. There is no distinction in law between a wholesale and retail liquor business so far as the. number of rooms which may be lawfully used in the business is concerned, and a use of more than one room for wholesaling and retailing liquor is a violation of an injunction previously issued, although the additional room was used wholly for wholesale purposes.

**Same:** LISTING OF EMPLOYEES. Where a liquor business is conducted by a corporation the corporation is the employer, and owners of stock engaged in its service are required by the statute to be listed as employees.

*Certiorari.*—HON. JOHN F. OLIVER, Judge.

FRIDAY, FEBRUARY 18, 1910.

THIS is a *certiorari* proceeding in the nature of an appeal from an order of the trial court adjudging the petitioner guilty of contempt in the violation of a liquor injunction and imposing punishment therefor.—*Affirmed*.

*Wilbur Owen,* for petitioner.

*John F. Joseph,* for defendants.

Evans, J.—The petitioner, Manderscheid Sons Co., is a corporation engaged in the saloon business at Sioux City, Iowa. Its corporate stock is all owned by John Manderscheid and his two sons, Henry and J. H. Manderscheid. The three owners of the stock are all officers of the corporation, and are engaged in its service and draw salaries therefrom. On February 3, 1909, an information was filed against the petitioner for contempt of court for the alleged violation of a liquor injunction decree which had been previously entered against it. Upon a full hearing the trial court adjudged the petitioner to be in contempt. The evidence upon the trial was directed to three forms of alleged violation. It was contended by the informant, first, that the petitioner had permitted gambling in its saloon by the use of a slot machine therein; second, that it was operating its saloon in more than one room, in that it kept liquors for storage in the basement below the saloon and in a room overhead; third, that it failed to list the names of Henry and J. H. Manderscheid, its secretary and treasurer, as its employees.

So far as the alleged gambling is concerned, that specification is not pressed here, and may be disregarded. There is nothing in the record to indicate that the finding of the court was adverse to the petitioner on that question. On the contrary, so far as any rulings are disclosed by the record, they appear to have been favorable to the petitioner on that question.

1. Intoxicating liquors: violation of injunction: more than one room: contempt.

It is undisputed that the petitioner did use the basement and the room overhead in connection with its saloon, as contended for by the informant. In defensive explanation, the petitioner urges that it was engaged, not only in

the retail liquor business, but in the wholesale liquor business also, and that the other rooms were used in connection with its wholesale business. The law makes no distinction between a wholesale and retail liquor business. The law does make some distinction in favor of a manufacturer. The petitioner is not a manufacturer. And if it were, it could not operate a saloon upon its manufacturing premises. The petitioner was therefore clearly guilty of violating the injunction in that it used more than one room. *Sawyer v. Oliver,* 144 Iowa, 382; *State v. Donahue,* 120 Iowa, 154; *Jones v. Byington,* 128 Iowa, 397; *State v. Gifford,* 111 Iowa, 648; *Bell v. Hamm,* 127 Iowa, 343.

Nor do we see any escape from the conclusion that the petitioner was required to list J. H. and Henry Manderscheid as among its employees. True they were the practical owners of the business. But they must be deemed either as principals or as servants. Of their own volition, they were not principals. They had chosen to incorporate, and they put forward the corporation as the principal, and thereby protected themselves from liability as such. They became employees of the corporation and drew salaries therefrom. Under the statute, therefore, they should have been listed as such. It is urged in their behalf that their principal duties related to the wholesale trade. As already indicated, this avails the petitioner nothing.

The order of the trial court must therefore be *affirmed.*

2. Same: listing of employees.