J. F. DOUGHERTY, Appellee, v. O. B. FRENCH, Appellant.

INTOXICATING LIQUORS: Promissory Note for Liquors Sold. In
1  an action on a promissory note for intoxicating liquors sold under the Mulct Act, plaintiff need only show that he had, prior to said sale, complied with all those requirements which are conditions precedent to the opening of a place for such sale.

INTOXICATING LIQUORS: Presumption Attending Consent, Find-
2  ings, Etc. A consent petition for the sale of intoxicating liquors, duly found to be sufficient, carries a presumption of continuance until its revocation or expiration is made to appear.

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

FEBRUARY 17, 1919.

REHEARING DENIED APRIL 10, 1919.

SUIT on promissory note. Trial to the court without a

jury. Judgment for plaintiff for the amount of the note. Defendant appeals.—*Affirmed.*

*James S. Burrows,* for appellant.

*W. B.* and *H. R. Collins,* for appellee.

PRESTON, J.—The note was given in settlement for intoxicating liquors sold by plaintiff to defendant in the city of Keokuk, in the year 1911. The execution of the note was admitted by defendant in his answer, but

1. INTOXICATING LIQUORS : promissory note for liquors sold.

he alleges that there was no consideration, for that the note was given for intoxicating liquors sold to defendant contrary to law, within the state of Iowa. In reply, plaintiff denies that the note was given for intoxicating liquors sold contrary to the laws of Iowa, and avers that plaintiff did business in the city of Keokuk, and that the mulct law and the provisions of Section 2448 of the Code were in full force in Keokuk, and that plaintiff complied with the provisions of Section 2448, and paid the mulct tax. There was no evidence introduced on behalf of the defendant. It may be that plaintiff was not required to introduce any evidence in the first instance. We understand defendant to so concede, but plaintiff did take the stand, and, as a witness for himself, testified that he carried on the business alone, and that his son was working for him. On cross-examination, he said that the note was given in settlement of the account for intoxicating liquors which were delivered to defendant's place of business, on Main Street, in the city of Keokuk, and that they were sold in 1911. Plaintiff assumed that the burden of showing performance of the things which are conditions precedent to the opening of his saloon, that he had paid the mulct tax for the year 1911, the finding by the board of supervisors that the mulct petition of consent was sufficient that intoxicating liquors might be sold in Keokuk, consent

of resident freeholders within 50 feet, lists of persons em-
ployed, the giving of a bond, and the like. Appellant makes
the broad claim that the burden is upon plaintiff to plead
and prove that he had complied with all of the conditions
of the mulct law, and states in argument that the main
question in this case is whether or not appellee could re-
cover on the note without first showing that he had com-
plied with *all* of the conditions of the mulct law, and claims
that plaintiff, in his attempt to bring himself within the ex-
ception to the general prohibitory law, did not go far
enough, and prove that he had complied with all the pro-
visions of Section 2448. Appellant cites *State v. Van Vliet,*
92 Iowa 476; *Westheimer v. Habinck,* 131 Iowa 643; and
like cases. The *Van Vliet* case is perhaps the first decision
on this question by this court, under the so-called mulct law.
In that case, the trial court held that the burden of proof
was on the State, as to all matters. The case was reversed,
this court holding that the bar created by the mulct statute
is operative only on certain conditions, and that the hap-
pening of these conditions must be pleaded and proved by
the party who wishes to take the benefit of them. But it
was not decided in that case just how far such party must
go in his proof. In the *Westheimer* case, the question was
as to whether the sale of liquor by the plaintiff was made
in Missouri or in Iowa, and it was said that, if the sales
were in Iowa, no recovery could be had for the purchase
price, for there was no showing that such sale would have
been lawful; and that, because prohibition is the rule in
Iowa, the burden was upon plaintiff to show that the sales,
if made in this state, were lawful. So that, in that case,
there was no showing of any kind that plaintiff had com-
plied with any of the provisions as to its right to do busi-
ness in Iowa. It may be that, in some of the earlier cases,
under the circumstances of such cases, the holdings were
that all the provisions of the mulct law must be pleaded and

proved. Appellant concedes that he has not been able to find a case precisely like the instant one. In this connection, appellant makes this statement in argument:

"Appellant does not contend that there could not be a recovery: there undoubtedly could be; but there is a great burden cast upon he who would attempt it."

We are not quite able to understand the meaning of this, unless appellant means to admit that he has not much faith in his case on the merits, if all the facts had been shown. Appellee's contention is that the cases cited by appellant are not applicable to the facts in this case, and that appellant has not offered any evidence to sustain his claim that the note was given for intoxicating liquors sold contrary to law. Appellee concedes that he had the burden to show, and did show, the performance of all those things precedent to the opening of a place for the sale of intoxicating liquors. He contends that, this having been done, the burden is then upon appellant to show violations of the law. Appellee cites *Jones v. Byington,* 128 Iowa 397. It was there held that the dealer must take the burden of showing performance of all those things which are, in their nature, conditions precedent to the opening of a saloon, but that it is for the complaining party to show violations of the law involving matters of conduct only, as that sales were made to minors, and on Sunday, etc. See, also, *Hathaway v. Jepson,* 154 N. W. 454 (not officially reported). We think the ruling of the trial court at this point was in harmony with the last-cited cases.

One or two other questions are suggested, but we think there is no merit in them. For instance, it is said that the certified copy of the action of the board of supervisors, in finding the petition of consent sufficient, was not material or relevant, because such action of the board was taken December 27, 1910, and the liquors were sold in the year 1911. There is no suggestion that there was

2. INTOXICATING LIQUORS: presumption attending consent, findings, etc:

ever any revocation of the petition which was found sufficient on December 27, 1910. We think there is a presumption of the continuance of the consent under such petition until it is revoked, or has expired. We are of the opinion that the judgment should be affirmed. It is—*Affirmed*.

LADD, C. J., EVANS and SALINGER, JJ., concur.