ED HAMMER, Petitioner, v. HUBERT UTTERBACK, Judge,
Respondent.

CERTIORARI: Review—Scope—Belated Presentation of Objection. On
1   certiorari to review a conviction for contempt in violating an intoxi-
    cating liquor injunction, the petitioner will not be permitted to pre-
    sent the objection that testimony taken in the trial court should not
    be considered because taken in his absence, and under a stipulation
    entered into by an unauthorized attorney, such objection not having
    been presented in the trial court.

EVIDENCE:    Competency—Source of Evidence—Evidence Improperly
2   Obtained.  Testimony is not objectionable simply because it has been
    obtained by the improper issuance of a search warrant.  (See Book of
    Anno., Vol. 1, Sec. 13418, Anno. 8 et seq.; Sec. 13897, Anno. 8.)

CONTEMPT:  Preservation of Testimony—Timely Filing.  Testimony in
3   a contempt proceeding is properly preserved by filing of record, prior
    to judgment, the duly certified shorthand notes.  (See Book of Anno.,
    Vol. 1, Sec. 12547.)

CONTEMPT:  Procedure—Jury Trial.  A party charged with contempt
4   is not entitled to a jury trial.  (See Book of Anno., Vol. 1, Sec.
    12543, Anno. 13.)

INTOXICATING LIQUORS:  Contempt—Imprisonment for Costs.  Im-
5   prisonment for nonpayment of costs in contempt proceedings is un-
    authorized.

   Headnote 1:  13 C. J. p. 102.  Headnote 2:  22 C. J. p. 192; 33 C. J.
p. 703 (Anno.)  Headnote 3:  13 C. J. p. 104.  Headnote 4:  35 C. J. p.
194.  Headnote 5:  13 C. J. p. 83.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

JUNE 21, 1926.

Proceedings in contempt for violation of a liquor injunction.
The trial judge found that the petitioner had violated said in-
junction, and imposed a penalty for such violation.—*Writ sus-
tained in part; annulled in part.*

*Walter F. Maley,* for petitioner.

*Vernon R. Seeburger,* County Attorney, for respondent.

FAVILLE, J.—In November, 1923, the petitioner herein was placed under permanent injunction restraining him from maintaining a liquor nuisance and from keeping and selling intoxicating liquors in violation of law. On the 18th day of September, 1925, the petitioner was duly cited to appear and show cause why he should not be punished as for contempt. His hearing was set for September 26, 1925, and the petitioner was released on bond. On the said date for trial, the petitioner did not appear in person, but his present counsel appeared in open court, and entered into an agreement with the prosecuting attorney with regard to the taking of the testimony of a certain witness at said time, who could not be present at a later date. The hearing was continued until October 3, 1925, at which time the petitioner appeared, with the same counsel, and the cause proceeded to final hearing and determination.

1. CERTIORARI: review: scope: belated presentation of objection.

I. The petitioner contends that the testimony of the witness that was taken on the 26th day of September, 1925, was had when the petitioner was not present, and when he was not represented by counsel then authorized to represent him. It appears that counsel was present at the time the testimony of this witness was taken, and that it was stated at the time that he did not formally represent the petitioner, but that he might represent him; and it was agreed in open court that the testimony of the witness should be taken at said time, and that there should be reserved to counsel for the petitioner the right to make a motion which counsel desired to make before any testimony was received. The witness was cross-examined at length by said counsel. At the time fixed for final hearing, the petitioner and said counsel appeared. In accordance with the previous understanding and arrangement, counsel for the petitioner was permitted to then make the motion previously referred to. No question was urged, no motion made, no objection whatever was interposed to the consideration of the testimony of the witness which had been previously taken. The petitioner is in no situation to now urge, for the first time, the objection with regard to the consideration of the testimony of said witness, taken under said circumstances. The cause could have been tried upon affidavits. Section 2028, Code of 1924.

Upon the entire record, the proceedings were without preju-

dice to the rights of the petitioner. The petitioner's claim at this point is lacking in merit.

II. Certain exhibits were offered in evidence which it is claimed were obtained by means of a search warrant. The petitioner contends that the search warrant, which was issued by a judge of the municipal court of the city of Des Moines, was insufficient to comply with the statute regarding search warrants.

2. EVIDENCE: competency: source of evidence: evidence improperly obtained.

The evidence was admissible, under our holdings. *State v. Tonn,* 195 Iowa 94; *Joyner v. Utterback,* 196 Iowa 1040.

III. The identification of the petitioner as the party against whom the injunction has been issued was ample, under the evidence in the case.

IV. We quote from the petitioner's brief, as follows:

"It is the claim of petitioner that, until the shorthand notes were filed, and until the testimony itself was reduced to writing and filed in the office of the clerk of the district court, the order of commitment was lifeless, and without effect."

Reference is made to Section 12547, Code of 1924. It appears affirmatively that the shorthand notes were properly certified by the judge and reporter, and filed at the proper time, and some four days before judgment was pronounced. The situation is ruled by *Joyner v. Utterback,* 198 Iowa 215.

3. CONTEMPT: preservation of testimony: timely filing.

V. The petitioner urges that, since he is charged with contempt in violation of an injunction, the action is quasi criminal, and that, under constitutional provisions, the petitioner is entitled to trial by a jury. Counsel concedes that this court has held to the contrary. See *State v. Hume,* 193 Iowa 1395. We are asked to reconsider our holding in said matter and overrule our former decision. This we are not disposed to do, and we adhere to the rule heretofore announced.

4. CONTEMPT: procedure: jury trial.

VI. The court ordered that the petitioner pay a fine of $300 and costs, and in addition thereto, be committed to the Polk county jail for a period of ninety days, and that, in lieu of the said payment of fine and costs, he should be committed to the Polk county jail for one day for each $3 1/3 of said fine and costs. The punishment was not excessive, and was well within the limitations of the statute.

VII.  The petitioner contends that the court erred in providing for imprisonment for nonpayment of costs as a part of the judgment.  Sections 2029 and 2030, Code of 1924, provide

5. INTOXICATING LIQUORS: contempt: imprisonment for costs. for punishment of a party found guilty of contempt by violation of an intoxicating liquor injunction.  There is no provision in this statute for imprisonment for nonpayment of costs.  It is the general rule that, unless there is a statutory provision authorizing imprisonment for nonpayment of costs, the court shall not impose such a sentence.  Section 12550, Code of 1924, provides that an order punishing for contempt may "be taken to a higher court for revision by certiorari."

We think the court erred in providing for imprisonment for nonpayment of costs, and that the order should be revised by us in this proceeding to that extent.  See *State v. Myers,* 44 Iowa 580; *Jordan v. Circuit Court,* 69 Iowa 177; *State v. Williams,* 195 Iowa 374.

The writ of certiorari, in so far as the order of the trial court imposing imprisonment for nonpayment of costs is concerned, is sustained.  In all other respects it is annulled.  The order of the district court will be modified as herein indicated, in regard to imprisonment for the costs, and will otherwise stand affirmed.  It is so ordered.—*Writ sustained in part and annulled in part.*

DE GRAFF, C. J., and EVANS, STEVENS, VERMILION, ALBERT, and MORLING, JJ., concur.