STATE OF IOWA, Plaintiff, v. NORMAN G. BAKER, Defendant.

No. 43660.

DECEMBER 15, 1936.

REHEARING DENIED APRIL 9, 1937, and JUNE 15, 1937.

C. Harry Fishburn and Harold Wilson, for plaintiff.

J. F. Devitt and Bush & Bush, for defendant.

HAMILTON, J.—This is an original contempt proceeding against Norman Baker, in which he is cited to show cause why he should not be punished for contempt for violating a former decree of this court, enjoining him by himself, agents or employees from practicing medicine in this State. For a review of the historical background of the proceedings which culminated in the issuance of the injunction, reference is made to the case of State v. Baker, 212 Iowa 571, 235 N. W. 313. Decree in the above cause was entered in this court on the 16th day of June, 1931, restraining and permanently enjoining the defendant, Norman Baker, from directly or indirectly, either by himself or by his agents, engaging in the practice of medicine and surgery within the State of Iowa without having a license to do so, and in conformance with said decree writ of permanent injunction was issued and served on the defendant on June 25, 1931.

On May 2, 1932, application was filed in this court charging a violation of said injunction by said defendant and asking that

citation issue to show cause why he should not be punished for contempt, which citation was issued on the same day.

[ ■■ ] Rule to show cause including substance of application and copy of citation was served on defendant to which he filed resistance. The matter was referred to District Court Judge John E. Purcell to conduct a hearing and report to this court. Hearing was had and report filed, the referee finding in his opinion defendant had violated the injunction by engaging in the practice of medicine since the issuance of said writ. Complaint is made that the referee made no rulings on objections to testimony. We think the referee pursued the proper course. We shall consider the evidence together with the objections, and base our opinion on such evidence only as we deem competent.

■■ It is also contended that the statutes of this State (chap. 536, Code of 1935 [section 12540 et seq.]), governing the procedure in contempt cases are unconstitutional, in that under the procedure provided by said statutes the defendant is deprived of liberty and property without due process of law. The matter has had our careful consideration and we find no merit in such contention. The power to proceed summarily without formal indictment and without a jury to hear charges of contempt of court and to assess punishment has been an attribute of all courts of record in every stage of the development of our system of judicial procedure. Jones v. Mould, 151 Iowa 599, 605, 132 N. W. 45. While contempt proceedings are quasi-criminal and partake in a certain sense or degree of a criminal offense, it is nevertheless neither a crime nor misdemeanor, and statutory and constitutional provisions relating to the rights and privileges of one charged with a crime are not all vouchsafed to the contemnor in contempt proceedings. State v. Hume, 193 Iowa 1395, 188 N. W. 796; Joyner v. Utterback, 198 Iowa 215, 197 N. W. 474; Hammer v. Utterback, 202 Iowa 50, 209 N. W. 522; Andreano v. Utterback, 202 Iowa 570, 210 N. W. 780; Barber v. Brennan, 140 Iowa 678, 119 N. W. 142. The object and purpose of the proceedings is not to punish an offense, but to compel obedience to and respect for the order of the court. Gibson v. Hutchinson, 148 Iowa 139, 126 N. W. 790, Ann. Cas. 1912B, 1007. No formal information is required. State v. Myers, 44 Iowa 580. The affidavit charging contempt may be general. McGlasson v. Scott, 112 Iowa 289, 83 N. W. 974; Pumphrey v. Anderson, 141 Iowa 140, 119 N. W. 528; Koch v. District Court, 150 Iowa 151, 129

N. W. 740; Jones v. Byington, 128 Iowa 397, 104 N. W. 473. The application and rule to show cause were sufficient and the due process clause of the Federal Constitution was not invaded.

[■■] Complaint is made to the action of the referee in permitting the introduction of testimony covering the entire period from the issuance of the writ to the date of the hearing. This was a continuing offense. Testimony all tended to show the defendant and those who operated the Baker Hospital under his direction under the guise of a formal lease or contract of sale were, in fact, all engaged in a common scheme and design to perpetrate a fraud upon the court, and that said lessees were, in fact, but the employees of the defendant or the Baker Investment Company, of which he was manager and, in fact, the real owner. Likewise, most of the evidence as to transactions since the date of the citation tended to show the method of conducting the business of the hospital and the treatment of patients therein at and prior to said date. We have eliminated from our consideration all evidence which does not bear on one or the other of the foregoing propositions. We find ample competent proof to sustain the referee's findings. The contention of defendant was that if the medical practice act (sections 2538, 2539, Code 1935), be so construed as to hold that the owner of the hospital did not have a right to employ licensed physicians to practice medicine and attend patients in the hospital, the same would be unconstitutional and violative of the 14th Amendment to the Federal Constitution. Courts have uniformly held that reasonable regulations are permissible under police power of the state as to occupations affecting public health and welfare. State v. Bailey Dental Co., 211 Iowa 781, 234 N. W. 260; Parker v. Board of Dental Examiners, 216 Cal. 285, 14 Pac. (2d) 67.

[■■] Lastly it is contended the evidence is not sufficient to show that the defendant has since the issuance of said writ engaged in the practice of medicine in this State, as defined by our statute. It would serve no useful purpose to undertake an analysis of this large record within the proper compass of an opinion. We have given careful consideration to the entire record, to the several propositions urged by counsel, and there is no way that the evidence may be reconciled on any reasonable or rational basis except that this defendant and his accomplices and confederates in the operation of the Baker Hospital at Muscatine, Iowa, were engaged in perpetrating a stupendous fraud against

the court. That the leases and contracts were but a cunning subterfuge. We cannot shut our eyes to such transparent trickery. A court so supine as to overlook such conduct would merit the contempt of all fair-minded men. We approve the referee's report. We find the showing on the part of the defendant insufficient. The defendant is guilty of contempt of this court, in that he has through his employees and agents engaged in prescribing, and prescribing and furnishing medicine or remedies for human ailments, and in so doing has violated the injunction issued out of this court as charged. The punishment prescribed by statute is wholly inadequate. By section 12543, Code 1935, in "courts of record" the punishment, unless otherwise provided, is limited to a fine of $50.00 and imprisonment of one day. The power of the legislature to enact legislation regulating judicial procedure is contained in our Constitution, and this statute limiting punishment has been upheld as the law of this State since 1851. Drady v. Given, 126 Iowa 345, 102 N. W. 115; Eicher v. Tinley, 221 Iowa 293, 264 N. W. 591. It is, therefore, the judgment of this court that the defendant be confined in the county jail at Muscatine, Iowa, for one day and pay a fine of $50.00, and the costs of this proceeding; costs to be taxed by the clerk of this court, and judgment is hereby entered accordingly, and that execution issue to make the amount of such judgment, interest and costs, and in default of payment of said fine, the defendant be imprisoned in the county jail at Muscatine, Iowa, until said fine is paid not exceeding fifteen days, or one day for each $3.33⅓ of said fine.

PARSONS, C. J., and DONEGAN, MITCHELL, STIGER, RICHARDS, and KINTZINGER, JJ., concur.

Special concurrence.—ALBERT and ANDERSON, JJ., concur in the opinion but would hold that the statute limiting the punishment has no application to contempt cases in this court and that the punishment imposed is inadequate.