Benjamin Gassman, P. J.
Defendant moves for an order remanding this case to the Magistrates’ Court 11 for a hearing as provided in Section 190 of the Code of Criminal Procedure ”.
The moving affidavit states that the defendant was denied a hearing before the Magistrate. The information in this court *613 charges the defendant with a violation of the Labor Law, and was filed by the Attorney-General in accordance with the provisions of section 742 and 743 of the Code of Criminal Procedure, on a return filed by the committing Magistrate pursuant to section 221 of the code. The papers on file indicate that, following several adjournments in the Magistrates’ Court, the committing Magistrate, on October 31,1957, certified that it appeared to him by the depositions and statements attached that the crime mentioned therein has been committed and that there is sufficient cause to believe the defendant guilty thereof, and he thereupon held her in bail in the sum of $500.
The defendant did not submit to this court the minutes of the hearing before the committing Magistrate and has thus failed to rebut the presumption of regularity of the proceedings before that Magistrate, which arises from the return filed by him. However, even had the minutes been submitted, this court would have no power or authority to remand this case to the committing Magistrate or to the Magistrates’ Court. When a Magistrate determines that there is “ reasonable and probable cause ” to hold the accused, and certifies that fact in a return filed by him under section 221 of the Code of Criminal Procedure, that finding is conclusive upon this court. When an information is filed by the District Attorney or by the Attorney-General, based on such return, it becomes the duty of this court to proceed to trial upon the information so filed. (People v. Doria, 30 N. Y. Crim. Rep. 222, 225.)
“ The determination of the committing magistrate, that sufficient evidence has been produced before him to establish the commission of a crime and sufficient cause to believe the accused guilty thereof, is conclusive, and that there is no power lodged in the Court of Special Sessions to review his determination. If the evidence before him fails, the remedy is by habeas corpus, which is not a proceeding to review, but solely to test jurisdiction, and is successful when there is an absence of necessary proof before the committing magistrate ”. (People v. Perrin, 170 App. Div. 375, 377.)
There is no statutory authority for the granting of the relief sought by the defendant. Accordingly, the motion is in all respects denied.
Impelmtteri and Molloy, JJ., concur.
Motion denied, etc.