378 P.2d 519

**John G. POWERS, Plaintiff and Respondent,**

**v.**

**Marvin S. TAYLOR, Defendant and Appellant.**

No. 9732.

Supreme Court of Utah.

Jan. 30, 1963.

David H. Bybee, Spencer L. Haycock, Salt Lake City, for appellant.

Milton A. Oman, Wallace R. Lauchnor, Salt Lake City, for respondent.

CROCKETT, Justice.

Defendant Marvin S. Taylor appeals from a judgment finding him in contempt and imposing a sentence of five days in jail and fine of $100.

In the original proceeding, after jury trial, damages were assessed against the defendant, and he was enjoined from keeping horses on his property; and from allowing them to trespass upon the property of his neighbors, including plaintiff, John G. Powers.

Defendant appealed that judgment and filed a supersedeas bond, but did not remove his horses from his property. About two weeks after the judgment, one of the defendant's horses got loose and again trespassed upon plaintiff's property, which provoked the instant order to show cause, hearing and sentence.

At the hearing defendant's position was that the supersedeas bond stayed the judgment requiring him to remove his horses from his own premises until that issue was finally determined on appeal, asserting that this was on the advice of his counsel. It is plainly apparent from the trial court's statements that he did not intend to deal directly with the issue of keeping horses on defendant's own premises, and it is not now before us. In colloquy with counsel the trial court stated:

> "If Mr. Bybee [defendant's counsel] is right, then Mr. Taylor had a right to keep the horses on his property. Certainly he had no right to permit his horses to get on Mr. Powers' property.

> "The court is of the view that the defendant is in contempt of court and

for that contempt I would require him to spend 10 days (sic) in the county jail."

Unfortunately from the standpoint of the validity of the judgment, perhaps fortunately from the viewpoint of the defendant, no written findings as such were made. In a document labeled "Judgment," there are certain recitals, which, if regarded as findings, are not in conformity with the court's idea as to the defendant's contempt expressed above.

The recital relating to the keeping of horses is that "defendant *kept* horses on *his* premises at 3690 Millcreek Road, Salt Lake City" (This is obviously in error. The record shows that this is the plaintiff's address). The document then states that "permitting the horses to be *kept*" at the same address is in violation of the court's restraining order and contemptuous. This is the only foundation stated for contempt, and it thus rests upon the defendant's keeping horses on his own premises. The finding is therefore inconsistent with the declaration of the trial court quoted above in which he indicated that the contempt was for permitting horses to trespass upon the plaintiff's property and manifest some doubt as to defendant's contempt in connection with keeping horses on his own property.

■■ The essence of contempt of court is the wilful disregard or disobedience of its orders.[1] Inasmuch as it is punishable by the traditional criminal sanctions of fine and imprisonment, it partakes of the nature of criminal proceedings and is sometimes referred to as quasi-criminal.[2] Because of this it is essential that the rights of one so accused be carefully safeguarded. He must be apprised of the nature of the accusation; afforded an opportunity to meet it; and in order to justify a finding and sentence for contempt the proof should be clear and satisfactory that the contemner was in violation or defiance of the court's order.[3] When this is done it is necessary for the court to make written findings upon the specific conduct found to be contemptuous, and draw its conclusions and enter judgment thereon.[4]

■ As above indicated, the court made no written findings as such and the recitals contained in the "Judgment" were inconsistent with express declarations by

1. See 78–32–1(5) U.C.A.1953, and see also Ditomasso v. Lovero, 242 App.Div. 190, 273 N.Y.S. 76.
2. See State v. Baker, 222 Iowa 903, 270 N. W. 359; Brimson v. State, 63 Ohio St. 347, 58 N.E. 803, 804; Collins v. Superior Court, 145 Cal.App.2d 588, 302 P.2d ·805; Warren Const. Co. v. Grant, 137 Or. 410, 299 P. 686; State ex rel. Dorrien v. Hazeltine, 82 Wash. 81, 143 P. 436.
3. See 17 C.J.S. Contempt § 84d, p. 113 and authorities there cited.
4. See Brown v. Cook, 123 Utah 505, 260 P.2d 544, and Parish v. McConkie, 89 Utah 396, 35 P.2d 1001.

the court as to any contempt that may have existed.[5] It is therefore evident that there is no proper foundation to support a judgment of contempt. Accordingly, it must be, and is hereby, vacated. Costs to appellant. (All emphasis added.)

HENRIOD, C. J., and McDONOUGH, CALLISTER, and WADE, JJ., concur.

---

5. It is appreciated that usually where there are proper findings supported by evidence, they take precedence over oral statements of the court. McCollum v. Clothier, 121 Utah 311, 241 P.2d 648. But see also Walker v. Peterson, 3 Utah 2d 54, 278 P.2d 291.