Warren A. TAYLOR, Appellant,

v.

DISTRICT COURT FOR the FOURTH JUDICIAL DISTRICT, AT FAIRBANKS, Appellee.

No. 764.

Supreme Court of Alaska.

Dec. 8, 1967.

Warren A. Taylor, Fairbanks, pro se.

Edward A. Merdes, of Merdes, Schaible, Staley & DeLisio, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

Neither appellant nor his client appeared in the district court on October 21, 1965 at 2:00 P.M., the time set for the trial of the case of City of Fairbanks v. Spyros Manolia. On that same day the district court issued an order to show cause directed to appellant which stated:

YOU ARE HEREBY ORDERED to appear in the District Magistrate Court, at 2:00 P.M. on October 25, 1965, 604 Barnette Street in Fairbanks, Alaska to show cause why you should not be held in contempt of this Court for failure to appear in Court to represent Spyros Manolia, the defendant in case No. F65–349; same being scheduled for trial 2:00 P.M. of the afternoon of October 21, 1965.

At the hearing on the order to show cause on October 25, 1965, appellant appeared in person and gave his explanation, both orally and by affidavit, for not having appeared in court on October 21. The district court found the explanation insufficient and held appellant in contempt of court, fining him $100.00.

Appellant moved to vacate the order of contempt and in support of his motion filed his own affidavit and that of his secretary, Carol C. Purdy. The motion was denied, the district court stating as follows:

Petition is hereby denied to vacate Order of Contempt dated November 8, 1965, for the following reasons;

Petitioner, Warren A. Taylor appeared in the District Magistrates Court on August 12, 1965 and set date for trial of the Spyros Manolis [sic] Case number F65–349 for hearing on the 21st day of October, 1965 at two o'clock in the afternoon;

[neither] Petitioner nor his client appeared for trial.

Petitioner represented to this Court that he was in Superior Court at time of trial in the Magistrates Court. The calender [sic] record in Superior Court reflects that, in the case of State of Alaska vs Noffke, Case number Superior Court 65–62, Petitioner on October 1, 1965 set trial date of October 19, 1965, said trial date setting being subsequent to and in conflict with the Magistrate Court trial date.

Proper notice was not given the Magistrate Court to allow time to advise witnesses and parties interested, nor was request made by Petitioner for continuance in advance of trial date.

Attention is emphasized to the fact that the Manolia Case has been pending since March 26, 1965, and is still pending.

A formal judgment and order of contempt was then entered wherein counsel was held in contempt of court for failure to appear and defend Spyros Manolia in the case of City of Fairbanks v. Spyros Manolia, and a fine was assessed against appellant in the sum of $100.00. Appellant then appealed to the superior court where the judgment of the district court was affirmed. This appeal followed.

Civil Rule 90, dealing with contempts, provides in part:

(a) *Contempt in Presence of Court.* A contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.

(b) *Other Contempts—Proceedings—Parties.* For every contempt other than that specified in subdivision (a) of this rule, upon a proper showing on ex parte motion supported by affidavits, the court shall either order the accused party to

show cause at some reasonable time, to be therein specified, why he should not be punished for the alleged contempt, or shall issue a bench warrant for the arrest of such party. * * *

Appellant contends that his failure to appear for trial on October 21, 1965, if it constituted a contempt at all, was a constructive or indirect contempt, and not a direct contempt committed in the presence of the court, and that under Civil Rule 90(b) it was necessary to commence the contempt proceeding by means of an affidavit. Appellant argues that since no such affidavit was filed, the contempt proceeding was never properly commenced, and therefore the district court had no jurisdiction to render its judgment of contempt.

 The failure of an attorney to appear in court when he is supposed to appear may, in one sense, be classified as a direct contempt in that the attorney's offensive conduct—his absence—occurs in the presence of the court.[1] This is what appellee argues. But a mere failure to appear does not, in and of itself, amount to a contempt of court. In order for there to be contempt it must appear that there has been a willful disregard or disobedience of the authority or orders of the court.[2] Whether such willfulness exists is something the court cannot be aware of from its own observations in the courtroom and without inquiry from other sources. Without such inquiry the court cannot ascertain the operational facts from which an inference of willful disobedience or disregard of the court's authority or orders can be drawn.[3] An explanation for the attorney's absence is not apparent and the facts, which are not evident merely from the attorney's absence,

may be such as to excuse the apparent contempt.[4] We hold, therefore, in line with the majority view in this country, that appellant's failure to appear in court at the time specified by order of the court, may amount to an indirect, but not a direct contempt of court.[5]

Since the conduct of counsel in failing to appear in court at the time required was not something that took place in the court's presence and was not seen or heard by the judge, subdivision (a) of Civil Rule 90, which deals with contempts in the presence of the court, is not applicable. What is applicable is subdivision (b) of Civil Rule 90 which deals with "every contempt other than that specified in subdivision (a)" of that rule. Under subdivision (b) the court is authorized to "order the accused party to show cause * * * why he should not be punished for the alleged contempt," upon a "proper showing on ex parte motion supported by affidavits". No such affidavits were filed in this case. The question is whether this amounted to a fatal defect in the proceedings so that the judgment of contempt was void and without effect.

 The fact of appellant's absence from court at the time set by court order was apparent to the court and became a matter of court record. To require the judge to prepare and file in his own court his affidavit stating that counsel had failed to appear at the time required would be pointless and unnecessary for the protection of the rights of appellant or for the orderly administration of justice.[6] The purpose of Civil Rule 90(b) in requiring a motion to be supported by affidavits in indirect contempt proceedings is to afford the one charged with contempt the procedural due process

1. Arthur v. Superior Court, 62 Cal.2d 404, 42 Cal.Rptr. 441, 398 P.2d 777, 780 (1965).

2. Powers v. Taylor, 14 Utah 2d 118, 378 P.2d 519, 520 (1963); State ex rel. Hurley v. District Court, 76 Mont. 222, 246 P. 250, 254 (1926).

3. Rogers v. Superior Court, 2 Ariz.App. 556, 410 P.2d 674, 676 (1966).

4. State v. Hatten, Wash., 425 P.2d 7, 9 (1967).

5. Rogers v. Superior Court, supra note 3. Annot. 97 A.L.R.2d 433, 435 (1964).

6. Chula v. Superior Court, 57 Cal.2d 199, 18 Cal.Rptr. 507, 368 P.2d 107, 112, 97 A.L.R.2d 421, 427–28 (1962) (concurring opinion of Chief Justice Gibson).

requirement of notice of the charge against him.[7] Appellant was given this notice by the order to show cause. In that order the alleged contemptuous act—the failure to appear as required by court order—was specified. An affidavit of the judge to that effect would have added nothing to the requirement that appellant be apprised of the charge against him. Appellant was fully notified of what he was called upon to defend.[8] We hold in this instance that the absence of an affidavit called for under Civil Rule 90(b) did not invalidate the judgment of contempt.

The procedures followed by the district court in adjudicating the contempt charged against appellant were not improper. But the record, as it appears from the district court's denial of appellant's motion to vacate the judgment of contempt and from the affidavits of appellant and his secretary, does not support the judgment of contempt. On August 12, 1965 the district court with appellant's consent set the trial of the Manolia case for October 21, 1965 at 2:00 P.M. On October 1, 1965 appellant agreed to the setting for a jury trial on October 19, 1965 of the case in the superior court which appellant estimated would take two days to try. On October 20, 1965 appellant's secretary informed the clerk of the district court that because the trial of the superior court case appeared to be taking longer than anticipated, counsel possibly would be unable to attend the trial set for the next day in the district court. In the morning of October 21, appellant's secretary informed the district court by telephone that the trial in the superior court was still in progress and that in all probability appellant would be unable to attend the trial set for 2:00 P.M. of that day in the district court. Appellant's secretary then telephoned the city attorney, who represented the City of Fairbanks in the Manolia case, informing him of appellant's predicament, and was advised by the city attorney that he had no objections to a continuance of the trial of the Manolia case. Appellant's secretary then telephoned the clerk of the magistrate court, and was advised that even though the city attorney had no objection to putting the case over, the district judge did and that the trial would commence as scheduled at 2:00 P.M. of that day. Finally, at about 1:30 P.M. on October 21 appellant's secretary advised the district court that counsel was still engaged in the trial of the case in the superior court. On that day appellant had gone into trial in the superior court at 9:30 A.M. and did not finish until 3:00 P.M. It further appeared from the affidavits that Spyros Manolia, the defendant in the case to be tried in the district court, was not in Fairbanks, the place of trial, on October 21, and that the district court had been advised of that fact.

In denying appellant's motion to vacate the judgment of contempt, the district court was apparently influenced by the failure of counsel to give sufficient notice of his inability to appear for trial at the time set so that witnesses and parties could be advised, and by the fact that counsel had made no request for a continuance in advance of the trial date.[9] The district court stated:

Proper notice was not given the Magistrate Court [10] to allow time to advise

7. Appellant does not contend that he was deprived of the other requirement of procedural due process—the opportunity to be heard.

8. See Hunter v. State, 251 Ala. 11, 37 So. 2d 276, 278–279 (1948).

9. Civil Rule 40(f)(2), dealing with continuances, states in part:
 Unless otherwise permitted by the court, application for the continuance of the trial of the case shall be made to the court at least 5 days before the date set for trial. The application must be supported by the affidavit of the applicant setting forth all reasons for the continuance. * * *

10. Prior to July 1, 1966 the district court was known as the district magistrate court. SLA 1966 ch. 24 (AS 22.15.010).

witnesses and parties interested, nor was request made by Petitioner for continuance in advance of trial date.

Later, in submitting to the superior court appellant's appeal from the district court judgment of contempt, the district court stated:

> The Magistrate's contention being "only" that appealants [sic] failure to properly notify the Court within a *reasonable time* for continuance and for good cause, was and is the sole basis for Magistrate's decision to hold appealant [sic] in Contempt of Court.

We do not believe that appellant's actions amounted to contempt. Appellant may have used poor judgment in agreeing to a trial setting in the superior court at a time so close to the date previously set for trial of the case in the district court. It may be true, as the superior court pointed out in its memorandum opinion and order affirming the district court judgment, that because of counsel's vast experience in trying criminal cases in the superior court he should have anticipated that the trial of the superior court case, a criminal action, might have taken from three to five days. But this action on counsel's part merely signifies a mistake in judgment or the exercise of poor judgment; counsel's actions do not properly give rise to an inference of a willful disregard or disobedience of the district court's order in setting the Manolia case for trial, which would have to be the case in order to justify holding appellant in contempt.[11] Appellant may have been neglectful or careless, but the facts do not show that he was contemptuous.

The order of the superior court affirming the judgment of contempt of the district court is reversed. The case is remanded to the superior court which shall, in turn, remand to the district court with directions to vacate and set aside the judgment of contempt dated December 1, 1965.