472 P.2d 941

**John J. SWEENEY, Plaintiff
and Appellant,**

v.

**HAPPY VALLEY, INC., a Utah corporation,
et al., Defendant and Respondent,
C. Taylor Burton and Owen W. Bunker,
Respondents.**

**No. 11250.**

Supreme Court of Utah.

Jan. 30, 1969.

Nielsen, Conder, Hansen & Henriod, Salt Lake City, for plaintiff and appellant.

Nathan J. Fullmer, Robert S. Campbell, Salt Lake City, for defendant and respondent.

TUCKETT, Justice.

Pursuant to an affidavit of plaintiff a citation was issued by the court below directing the defendant and its officers, C. Taylor Burton and Owen W. Bunker, to appear before it to show cause why they

should not be found in contempt for failure to comply with a former order of the court.

This is the second appeal in this case. In the original trial of this matter it was determined that the plaintiff was entitled to judgment against the corporate defendant in the sum of $9,336.34. The plaintiff being dissatisfied with that award appealed to this court. Prior to the first appeal the defendant made a motion for an order permitting it to deposit the amount found due and owing the defendant in the first hearing. Pursuant to the defendant's motion the court issued an order in the following language:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the defendant be and it is hereby permitted and authorized to make a deposit with the clerk of this court of said corporate check, the same to be made in accordance with and pursuant to 78–27–4 U.C.A. 1953 as amended.

At the time of the hearing on the defendant's motion the corporate check in question was presented to the court and the record indicates that the instrument was shown to counsel for the plaintiff. The check was made payable to the plaintiff rather than to the clerk of the court. During the time the case was on appeal from the first judgment the corporate defendant became insolvent and the check previously deposited with the court was dishonored by the bank when presented.

It is the plaintiff's contention on this appeal that the corporate defendant and its officers are guilty of contempt by depositing with the court a check without having sufficient funds to pay the same upon its presentation. It is the plaintiff's contention here that the defendant and its officers should have been found guilty of contempt and that the officers of the defendant corporation were under an obligation to comply with the order and should now be compelled to respond by making the deposit good.

It appears from the record that the corporate defendant did in fact substantially comply with the order by depositing a corporate check as required by it. The only failure of the defendant was to make the plaintiff payee of the check rather than the clerk of the court. The plaintiff did not object to the form of the check, nor the fact that it was made payable to the plaintiff. On the first appeal the plaintiff did not complain that the court erred in issuing the order, nor does he complain of the form thereof.

While the evidence shows that there was insufficient funds in the account of the defendant to pay the check at the time it was drawn and at all other times thereafter and until it was dishonored, nevertheless there was evidence which is undisputed that the defendant had an arrangement with the bank to pay the check had it been presented in due course.

We are of the opinion that the order of the court having been substantially complied with and the plaintiff having failed to make timely objection to the propriety of the order or the form of the check deposited in compliance therewith, the decision of the court below that there was insufficient grounds for a finding of contempt was correct.[1] The judgment is affirmed. No costs awarded.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

1. Utah Power & Light Co. v. Richmond Irr. Co., 80 Utah 105, 13 P.2d 320; Powers v. Taylor, 14 Utah 2d 118, 378 P.2d 519; Engleman v. Engleman, 145 Colo. 299, 358 P.2d 864; Wyoming v. Colorado, 309 U.S. 572, 60 S.Ct. 765, 84 L.Ed. 954.