STATE of Utah, Plaintiff and Respondent,

v.

Floyd Ray GILES et al., In re the Matter of Contempt of Maurice D. Jones, City Judge, Defendant and Appellant.

No. 15254.

Supreme Court of Utah.

March 9, 1978.

---

8. *Bezner v. Continental Dry Cleaners, Inc.,* Utah, 548 P.2d 898 (1976); See also, Williston on Contracts, Third Edition, Sec. 1517.

Wayne L. Black, of Black & Moore, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Jay E. Jensen and Roger P. Christensen, Sp. Asst. Attys. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

The question presented by this appeal is this: Can a district court judge hold a judge of the city court in contempt for refusing to conduct a second preliminary hearing ordered by the district court judge on remand?

In this case the Honorable Maurice D. Jones duly held a preliminary hearing and bound defendant Giles over to stand trial on a felony charge in the district court. There was ample evidence to justify the city court in finding that the crime charged in the complaint had been committed and that there was probable cause to believe the defendant committed it.

The county attorney timely filed an information in the district court and that court then had the authority and the duty to try the question of defendant's guilt or innocence. The day after the information was filed, August 20, 1976, defendant Giles appeared in court and entered a plea of not guilty. The trial was set for September 30, 1976. New counsel for the defendant filed his appearance in the matter on September 7, 1976; and on October 1, 1976, the original counsel withdrew from the case. After withdrawing, he filed a motion to dismiss the complaint based upon his claim that there was insufficient evidence to support the complaint. That motion was finally heard on December 16, 1976, with both new counsel and old counsel present. At that hearing the old counsel stated: "We are changing our motion to dismiss to a motion to remand." The court heard arguments in the absence of the prosecuting attorney and then made the following order:

Based upon the court's own motion and good cause appearing, it is ordered that the case be remanded to the city court for a new preliminary hearing.

The prosecuting attorney filed a motion to reconsider which was denied, and the court made a second order to remand. This order was never included in the remand to the city court.

On January 21, 1977, counsel for both the state and the defendant appeared before Judge Gibson, a city court judge, who fixed a date for the second preliminary hearing. On February 2, 1977, the defendant and counsel for both parties appeared before the Honorable Maurice D. Jones. The judge was informed that the information theretofore filed in the district court had never been dismissed and was still active. Judge Jones then decided that he did not have jurisdiction to hold a preliminary hearing inasmuch as the information was filed in the district court. He thought that since the district court had jurisdiction in the case, his court had none and he could make no orders so long as the information was not quashed.

The defendant's lawyers then sought and obtained an order to show cause and had it served upon Judge Jones, the purpose of which was to determine whether or not he had violated an order of the district court by not holding a second preliminary hearing in the case. This order to show cause was the first paper served upon Judge Jones; and if he can be held in contempt, it will have to be for not complying with a judgment of the district court that was never served upon him but which was merely returned to the city court together with other papers in the file.

At the hearing on the order, the district court found Judge Jones to be guilty of contempt and sentenced him to be confined in the county jail for a period of thirty days and to pay a fine of $199.

A refusal to abide by an order made against a party to an action in favor of the opposing party is civil contempt, and sanctions may be imposed to compel obedience. A refusal to abide by a direction of the court in relation to its procedural matters is criminal contempt, and when not

committed in the presence of the court must be initiated by an affidavit and order based thereon. In both cases it is necessary to base an order of contempt upon findings of fact and conclusions of law which must be in writing[1] and signed by the court.

In this matter the judge of the district court signed the hand-written minute entry and on May 5, 1977, caused a copy to be served upon Judge Jones. This perhaps complies with the law, but it is a sloppy compliance. One week thereafter the district court dismissed the complaint with prejudice upon the ground that the defendant had not been given a speedy trial.

■ There is nothing in the record to show that the defendant ever urged a speedy trial, and any failure to grant a speedy trial would be the fault of the district court and not that of the city court. The complaint had served its purpose when the information was filed in the district court. It was not before the district court for any purpose whatsoever. The order dismissing it was not a proper order. The only time a complaint is before a district court is when there is an appeal from a misdemeanor conviction in the justice or city court. Our statute[2] reads:

All public offenses triable in the district courts, except cases appealed from justices' and city courts, must be prosecuted by information or indictment, . . . . .

The district court had no authority to quash or dismiss the information on file in this case. U.C.A.1953, 77–16–2, further provides:

No defect or irregularity in or want or absence of any proceeding or statutory requirement, prior to the filing of an information or indictment, including the preliminary hearing, shall constitute prejudicial error and the defendant shall be conclusively presumed to have waived any such defect, irregularity, want or absence of proceeding or statutory require-

ment, unless he shall before pleading to the information or indictment specifically and expressly object to the information or indictment on such ground. Whenever the consent of the state to any waiver by the defendant is required, such consent shall be conclusively presumed, unless the state before or at the time the defendant pleads to the information or indictment expressly objects to such waiver. ∗

■ By pleading to the information the defendant waived any and all defects or irregularities in connection with the preliminary hearing and the case was ready for trial in the district court. Any delay in bringing this matter to a final conclusion was not occasioned by the city court but was the direct result of the actions of the district judge.

The reason for the order of remand was that the lawyers told the judge something aliunde the record, to-wit: a witness had testified falsely at the preliminary hearing. It could not be said as a matter of law that the judge conducting the preliminary hearing believed that witness or that there was not other evidence sufficient to cause the committing magistrate to find probable cause that the defendant was the one who committed the offense charged.

If there was perjury on the part of a witness at the preliminary hearing, the district judge would have his opportunity to deal with it at trial should it be repeated.

■ The evidence before the magistrate was sufficient to justify holding the defendant for trial. It was his prerogative to believe whom he chose and to decide which witness was telling the truth and which one was falsifying.

In the case of State v. Rembert[3] decided in Louisiana, it was held:

In a hearing on the motion to quash, the evidence is limited to procedural matters; the question of factual guilt or innocence of the offense charged is not raised by the motion to quash.

1. *Powers v. Taylor*, 14 Utah 2d 118, 378 P.2d 519 (1963).

2. U.C.A.1953, 77–16–1.

3. 312 So.2d 282 (La.1975).

To like effect is the ruling on motions to quash on indictment. In the case of *Brown v. State*[4] the court said:

> There is, of course, no evidence in the record as to what testimony was submitted to the grand jury but even so, the rule has been adopted in this state that a court for the purpose of quashing an indictment will not inquire into the nature or character of the evidence that influenced the grand jury.

In 22 C.J.S. Criminal Law § 346, the law is stated to be:

> Where the committing magistrate certifies that it appears to him that the crime charged has been committed and that there is sufficient cause to believe accused guilty thereof, the trial court has been held to have no authority or power to remand the case to the magistrate.

In the case of *People v. Schwartz*[5] the court stated:

> Defendant moves for an order remanding this case to the Magistrates' Court 'for a hearing as provided in Section 190 of the Code of Criminal Procedure.'
>
> The moving affidavit states that the defendant was denied a hearing before the Magistrate, The Information in this court charges the defendant with a violation of the Labor Law, § 1 et seq., and was filed by the Attorney General in accordance with the provisions of Sections 742 and 743 of the Code of Criminal Procedure, on a return filed by the committing Magistrate pursuant to Section 221 of the Code. The papers on file indicate that, following several adjournments in the Magistrates' Court, the committing Magistrate, on October 31, 1957, certified that it appeared to him by the depositions and statements attached, that the crime mentioned therein has been committed and that there is sufficient cause to believe the defendant guilty thereof, and he thereupon held her in bail in the sum of $500.

The defendant did not submit to this Court the minutes of the hearing before the committing Magistrate and has thus failed to rebut the presumption of regularity of the proceedings before that Magistrate, which arises from the return filed by him. However, even had the minutes been submitted, this Court would have no power or authority to remand this case to the committing Magistrate or to the Magistrates' Court. When a Magistrate determines that there is 'reasonable and probable cause' to hold the accused, and certifies that fact in a return filed by him under Section 221 of the Code of Criminal Procedure, that finding is conclusive upon this Court. When an Information is filed by the District Attorney or by the Attorney General, based on such return, it becomes the duty of this Court to proceed to trial upon the Information so filed.

In *State v. Schroeder*[6] the Kansas Supreme Court dealt with the problem of quashing an information because perjured testimony was given at the preliminary hearing. The holding of the court was as follows:

> As to other matters urged by appellant (which will be alluded to later as they become pertinent to other alleged errors), it must be kept in mind a motion to quash an information only reaches some defect apparent on the face of the information. Such a motion does not involve the merits of the case, and whether the prosecution will be able to prove all the allegations of the accusation is not material. The trial court cannot anticipate what facts might be subsequently established during the trial of the case. Extraneous evidence cannot be resorted to for the purpose of establishing the insufficiency of an information . . . .

The case of *People v. Jones*[7] involved the question of the right to quash an indictment because incompetent evidence was

**4.** 111 So.2d 296 (Fla.App.1959).

**5.** 14 Misc.2d 612, 180 N.Y.S.2d 778 (1958).

**6.** 201 Kan. 811, 443 P.2d 284 (1968).

**7.** 19 Ill.2d 37, 166 N.E.2d 1 (1960).

presented to the grand jury. The trial court heard the evidence given to the grand jury in a new proceeding. The Illinois court stated:

The question then is whether it will further the administration of justice to permit defendants to challenge indictments on that ground. The law favors promptness in the dispatch of criminal business of the courts when in harmony with the effective protection of the rights of the accused and the interests of the public. The delay is great when an accused can assail an indictment on this ground and cause the trial court to review all the evidence presented to the grand jury, as was done in this case. Such procedure adds nothing to the assurance of a fair trial to which the accused is entitled. We are of the opinion that the trial court should not inquire into the adequacy and competency of the evidence before the grand jury.

■ It is contemptuous for a judge of an inferior tribunal to disobey a lawful judgment order or process of a superior court.[8] The Constitution of Utah[9] provides that the district courts shall have supervisory control of inferior courts and the power to issue writs in order to give them general control over inferior courts and tribunals within their respective jurisdictions.

■ While it would appear that inferior courts ought not undertake to question the rulings of the superior court and ought to follow the orders made by it, still we do not think a judge who fails to follow a rule made by the district court in a matter properly pending before that district court, is guilty of contempt because he failed to act according to the rule so made—unless the district court judge, by a writ served upon a named judge, orders him to proceed. Failure of the inferior judge to act when ordered by a writ properly served upon him would justify punishment for contempt.

■ We do not think Judge Jones can be held in contempt for not holding a second preliminary hearing simply because the district court made an order of remand. If the remand was lawful, the prosecuting attorney could have requested an order of mandamus to compel action; but absent a writ, there is no basis for contempt.

The judgment is reversed. No costs are awarded.

CROCKETT, J., concurs.

MAUGHAN, WILKINS, and HALL, JJ., concur in result.

---

8. U.C.A.1953, 78-32-1(12).

9. Art. VIII, Sec. 7.