**Michael J. KEENAN, Appellant,**

v.

**DISTRICT COURT, Appellee.**

**No. 7580.**

Court of Appeals of Alaska.

Nov. 9, 1984.

Jeffrey M. Feldman, Gilmore & Feldman, Anchorage, for appellant.

Michael S. McLaughlin, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

On November 15, 1982, Superior Court Judge Ralph E. Moody, while sitting in Naknek as a judge of the district court, entered an order imposing monetary sanctions in the amount of $1,500 against Michael Keenan, an Anchorage attorney. Keenan was not present when the sanctions were imposed. He subsequently filed a motion for reconsideration. Following an evidentiary hearing Judge Moody upheld the order imposing sanctions but reduced the amount to $750. Keenan appeals, contending that the court erred in imposing sanctions. The state has conceded error. Since we conclude that the state's concession of error is supported by the record and is legally sound, we reverse. *See Marks v. State*, 496 P.2d 66, 67–68 (Alaska 1972).

The circumstances surrounding Judge Moody's order imposing sanctions are not in dispute. During the summer of 1982, Keenan filed appearances as counsel of record in three illegal fishing cases pending in the district court in Naknek. Trial of the cases was eventually scheduled to begin in Naknek on November 15, 1982. The cases were assigned for trial to Judge Moody.

Approximately two weeks before trial Keenan prepared motions to continue the three cases. After securing written statements of non-opposition from the district attorney's office, Keenan mailed the motions from his Anchorage office to the court in Naknek. The motions were received by the court some time during the week before trial. After being logged in by court personnel on Friday, November 12, 1982, Keenan's motions were placed in the office of Magistrate Charles Shawbeck but were not acted on.

Judge Moody conducted an informal calendar call in Anchorage on November 12, 1982, the Friday before the Naknek calendar. Upon learning that Keenan was out of state and that motions for continuances had been sent to Naknek, Judge Moody became irritated and directed that Keenan

be told to appear in Naknek for trial. Keenan was apparently contacted by telephone by court system personnel. He stated that he had obtained a continuance and was told that if a continuance had been granted there would be no problem. When Judge Moody arrived in Naknek the following Monday, November 15, the motions for continuance were still in Magistrate Shawbeck's office and the orders had not been signed. Keenan did not appear for the Naknek calendar call. Judge Moody became angry and concluded that Keenan was attempting to "evade going to trial." The judge imposed a fine of $500 against Keenan in each of the three scheduled cases.[1]

Keenan later moved for reconsideration of the order imposing sanctions, and a hearing on his motion was conducted before Judge Moody on October 14, 1983. At the hearing Keenan testified that in mid-October of 1982 he realized he had a civil deposition scheduled in California during the period when his three Naknek cases were scheduled for trial. Since four attorneys were involved in the civil case, Keenan concluded that postponement of the deposition did not seem practical. He therefore decided to request continuances in the Naknek cases.

Keenan stated that, after confirming that the district attorney's office would have no objection to continuing his cases, he telephoned the Naknek magistrate, Charles Shawbeck. He informed Magistrate Shawbeck of his intent to request continuances and of the state's non-opposition. According to Keenan, the magistrate was "pleased" he was making the request, because numerous other cases were set for trial during the same week. Keenan testified that Magistrate Shawbeck directed him to file the written motions for continuance in Naknek and informed him, "Don't worry about it, they [the three cases] are continued."

Keenan's testimony indicates that he then prepared written motions for continuances, obtained non-oppositions from the state, and mailed the motions to Naknek some time before November 8, 1982. On November 8 Keenan left Alaska to attend his deposition. Prior to leaving he contacted his Naknek clients and instructed them that they would not be required to appear on November 15.

Keenan further testified that he had previously handled cases in Naknek and had had experience dealing with Magistrate Shawbeck.[2] According to Keenan, it was not unusual for Shawbeck to handle calendaring motions in Naknek cases scheduled for trial before a traveling district court judge.

Keenan's testimony is uncontradicted in the record and, together with an earlier affidavit submitted by Keenan in support of his motion for reconsideration, constitutes the only evidence dealing with the events leading up to the trial court's order imposing sanctions. A review of the record discloses no pretrial orders issued in Keenan's cases that would have precluded the Naknek magistrate from handling calendaring motions, and there is nothing to indicate the existence of any established procedure requiring such motions to be

---

1. The district court's order was apparently imposed pursuant to Alaska R.Civ.P. 95(b), which provides, in relevant part:

   [A] court may, after reasonable notice and an opportunity to show cause to the contrary, and after hearing by the court, if requested, impose a fine not to exceed $500.00 against any attorney who practices before it for failure to comply with these rules or any rules promulgated by the supreme court.

   This provision of the Civil Rules is made applicable in criminal cases by Alaska R.Crim.P. 50(b).

2. Magistrate Shawbeck did not testify at the October 14, 1983, hearing. Although he was asked by the state to prepare an affidavit, he apparently did not submit one in time for the hearing. From statements made by the prosecuting attorney at the hearing, it appears that Magistrate Shawbeck was unable to recall any significant details relating to the continuances that Keenan had sought to obtain in his three cases.

filed in Anchorage or acted on by the judge actually assigned for trial.[3]

At the conclusion of the hearing on Keenan's motion for reconsideration, Judge Moody apparently accepted Keenan's explanation. He nevertheless found that Keenan had acted with gross negligence in failing to appear for trial in Naknek before his motions for continuance had formally been granted. After deciding to give Keenan "the benefit of the doubt," however, Judge Moody reduced the original sanctions by half—to $750. The judge stated:

I don't think there's any question in this case that the district attorney and Mr. Keenan—and it's not unusual, it happens all the time in this system, particularly in these minor cases in outlying areas. They've traditionally done it through the years and I can almost take judicial notice of it. And both of the attorneys here, every attorney here, except for the defendant, has been—I don't know whether you've been in the district attorney's office, Mr. Feldman [Keenan's counsel], but they've been here, and this is the procedure they've attempted to pull all the time and I've never adopted. I've always said, and it's always been my policy, and that's the policy that should be, and that's what the rule requires. The mere fact you stipulate something isn't worth the paper it's on until you get a judge's approval. Now, nothing before me indicates any judge ever approved this other than the—and I'm not saying that Mr. Keenan's lying. But I'm saying he's interpreting this on his basis that he felt when he got the D.A. that he was home clear. He wasn't, in my opinion. He caused a delay of the court, he—and

this is not—this is a sanction, this is not a contempt. I find he was negligent, grossly negligent, in not getting a continuance before he left, or making other arrangements to be sure he did have. The sanction is affirmed. However, I will give him the benefit of the doubt and set aside one-half of it on the basis that—assuming that he thought that he might have that, but that's not—no excuse in my mind. It's reduced in half, the amount. You can appeal it.

On appeal, Keenan contends, and the state concedes, that Judge Moody committed error in making these findings.[4] Upon an independent review of the record, we conclude that the court's findings are unsupported.

Although Judge Moody might have chosen to reject, as a matter of credibility, Keenan's explanation of the events leading to his failure to appear for trial in Naknek on November 15, the judge elected not to do so. Instead, he accepted Keenan's explanation but concluded that, in deciding to attend his out-of-state deposition instead of appearing in Naknek, Keenan had relied exclusively on the assumption that his motions for continuance would be granted because they were not opposed by the state. Yet Keenan's testimony provides no support for this conclusion.

Keenan did not say that he assumed his motions would automatically be granted because they were unopposed. To the contrary, he repeatedly emphasized that his decision not to appear in Naknek resulted from Magistrate Shawbeck's express verbal assurance that the motions for continu-

---

**3.** Indeed, Magistrate Shawbeck's authority to decide calendaring matters such as motions for continuances seems implicit in Judge Moody's statements at the hearing on the motion to reconsider. Judge Moody consistently indicated that Keenan would not have been subject to sanctions if the magistrate had actually ruled on his continuance motions prior to the November 15 trial date. At no time during either the November 15 proceedings or the subsequent hearing did Judge Moody question Magistrate Shawbeck's authority to grant the three continuances.

**4.** Keenan concedes that an order imposing sanctions under Alaska R.Civ.P. 95(b) may be predicated on either a knowing or a negligent violation of court rules. Thus, he does not argue that the district court's order imposing sanctions was defective merely because it was based on a finding of negligence. *Cf. In Re Simpson,* 645 P.2d 1223, 1228 (Alaska 1982) (violation of Disciplinary Rule 6–101 may be predicated on negligent conduct).

ances would be granted.[5] According to Keenan's uncontradicted testimony, the steps he took to secure a continuance were in keeping with existing Naknek calendaring practices. Magistrate Shawbeck was apparently authorized to rule on such motions, and it was evidently accepted practice for him to do so.

 We hold that Keenan's reliance on Magistrate Shawbeck's express verbal assurances cannot properly be deemed to constitute negligence. Judge Moody's finding that Keenan's conduct was grossly negligent is unsupported by the record and therefore clearly erroneous. *See Troyer v. State*, 614 P.2d 313, 318 n. 11 (Alaska 1980); *Juneby v. State*, 641 P.2d 823, 834 (Alaska App.1982), *modified on rehearing*, 665 P.2d 30 (Alaska App.1983). The order imposing sanctions must be reversed.[6]

We are not unmindful of the problems experienced by judges in seeking effective control over their calendars, and we emphasize that our decision is not meant to discourage the appropriate use of sanctions as a means of control. But where a potential for calendaring abuse arises because applicable rules of court do not provide adequate procedural guidance, it is incumbent upon trial courts, through the use of pretrial orders or other means, to establish clear-cut procedures for litigants and their counsel to follow. Where established procedures are violated, whether by wilful or negligent conduct, monetary sanctions may be imposed in accordance with Civil Rule 95(b). In the present case, however, the record simply fails to disclose a violation of any established procedure; nor does it support a finding of negligence on Keenan's part.[7]

The district court's order imposing sanctions is REVERSED.

**5.** In fact, Keenan expressly recognized the court's authority to disregard stipulations of the parties as to calendaring matters and acknowledged that he would have been derelict in counting on a non-opposition alone to assure a continuance.

**6.** We take this occasion to remind trial courts of their duty to comply with the procedural requirements of Civil Rule 95(b) in dealing with issues involving potential imposition of monetary sanctions. The express language of this rule requires the trial court to inform counsel of its intent to impose sanctions. Counsel must be permitted to show cause why sanctions should not be imposed. Finally, the court must afford counsel an opportunity for a hearing prior to imposing any sanctions. In the present case, although the hearing ultimately conducted on Keenan's motion for reconsideration may have resulted in after-the-fact compliance with most of the procedural requirements of Civil Rule

95(b), the summary manner in which the trial court initially imposed sanctions was plainly improper and cannot be condoned.

**7.** Keenan has argued alternatively that even if sanctions were justified under Civil Rule 95(b), the amount of the fines imposed in his case was excessive. The state has conceded error on this issue as well as on Keenan's primary argument. Although our disposition of this case makes it unnecessary to decide this issue, we note that the Alaska Supreme Court has expressly held that fines approaching the maximum of $500 permitted under Civil Rule 95(b) should be reserved for the most serious transgressions or the most persistent violators. *See Esch v. Superior Court*, 577 P.2d 1039, 1044 (Alaska 1978). *See also Davis v. Superior Court*, 580 P.2d 1176 (Alaska 1978) ($50 fine imposed for sending an unprepared attorney to court); *Taylor v. District Court*, 434 P.2d 679 (Alaska 1967) ($100 fine imposed for failure to appear).