STATE of Alaska, Appellant,

v.

SUPERIOR COURT FOR THE STATE
OF ALASKA, THIRD JUDICIAL
DISTRICT, Appellee.

R.A.F., a Minor, Real Party in Interest.

No. A–1574.

Court of Appeals of Alaska.

Oct. 2, 1987.

Cynthia M. Hora, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, Ronald W. Lorensen, Acting Atty. Gen., and Grace Berg Schaible, Atty. Gen., Juneau. Wm. Grant Callow, Anchorage, for R.A.F., a minor, real party in interest.

OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

COATS, Judge.

District Court Judge David C. Stewart assessed attorney's fees against the state for negligently causing a mistrial in a juve- nile proceeding. The state appeals, arguing that Judge Stewart had no authority to require the state to pay attorney's fees as a sanction in a juvenile case.

The State of Alaska filed a petition under AS 47.10.010(a)(1) to have R.A.F. adjudicated a delinquent based upon a charge that he had attempted to burglarize a residence on Jarvey Street. R.A.F. contested the allegations in the petition and asked for a jury trial. Prior to the start of the trial, R.A.F. asked for a protective order prohibiting the state from introducing any evidence of any uncharged bad acts unless the state first obtained prior permission from the court. Judge Stewart granted this protective order.

During the trial, the court called C.G. as a witness. C.G. was allegedly an accomplice of R.A.F.'s in the attempted burglary of the Jarvey Street residence. During the direct examination of C.G., the state questioned C.G. about other burglaries which C.G. had committed. At this point, R.A. F.'s attorney asked to approach the bench. At a bench conference, R.A.F.'s attorney expressed concern that C.G. might implicate R.A.F. in a burglary other than the attempted burglary for which R.A.F. was on trial. The court reaffirmed its ruling that the state was not to ask questions which would lead C.G. to implicate R.A.F. in any burglary other than the one with which he was charged. However, upon further questioning by the state, C.G. testified that he and R.A.F. had been involved in another burglary. R.A.F.'s counsel moved for a mistrial. Judge Stewart initially denied the mistrial motion. Judge Stewart gave a curative instruction asking the jury to disregard evidence of the other burglary. However, a juror indicated that he would not be able to follow the curative instruction. Judge Stewart then granted a mistrial.

R.A.F.'s counsel moved for attorney's fees under Civil Rule 82(a)(2). Civil Rule 82 governs the award of attorney's fees to prevailing parties. The state opposed the

Swoboda deed, then the court must determine whether the quitclaim deed created the narrow-

er easement.

motion, arguing that Civil Rule 82 did not apply to criminal or children's proceedings. A hearing on the motion for attorney's fees was held before Judge Stewart. Following the hearing, Judge Stewart ruled that the state had been negligent in eliciting the information which caused the mistrial. Relying on Civil Rule 95(a), Judge Stewart awarded attorney's fees in the amount of $2,125 as a sanction against the state.

The state contends that Judge Stewart did not have the authority to assess attorney's fees under Civil Rule 95. Civil Rule 95 provides:

> (a) For any infraction of these rules, the court may withhold or assess costs or attorney's fees as the circumstances of the case and discouragement of like conduct in the future may require; and such costs and attorney's fees may be imposed upon offending attorneys or parties.
>
> (b) In addition to the authority under (a) of this rule and its power to punish for contempt, a court may, after reasonable notice and an opportunity to show cause to the contrary, and after hearing by the court, if requested, impose a fine not to exceed $500.00 against any attorney who practices before it for failure to comply with these rules or any rules promulgated by the supreme court.

The Alaska Supreme Court has held that Civil Rule 95(b) applies to criminal proceedings under the provisions of Criminal Rule 50(b).[1] *Davis v. Superior Court*, 580 P.2d 1176, 1178–79 (Alaska 1978); *Esch v. Superior Court*, 577 P.2d 1039, 1043 (Alaska 1978). However, Civil Rule 95(b) appears to have a broader reach than Civil Rule 95(a) since Civil Rule 95(b) applies to "failure to comply with these rules or any rules promulgated by the supreme court." It is unclear to us from the language of Civil Rule 95(a) whether the supreme court intended to authorize judges to impose costs

and attorney's fees as sanctions upon offending attorneys or parties in criminal or juvenile cases. The supreme court has held that Civil Rule 82, which provides for the award of costs and attorney's fees to prevailing parties in civil cases, does not apply to actions governed by the children's rules. *Cooper v. State*, 638 P.2d 174, 178 (Alaska 1981). We are unaware of any Alaska appellate decision authorizing an award of attorney's fees for any reason in a criminal or juvenile case.[2] We conclude that the supreme court has not authorized the imposition of costs and attorney's fees under Civil Rule 95(a). We accordingly reverse the ruling of the district court awarding attorney's fees against the state as a sanction under Civil Rule 95(a).

The ruling of the superior court is REVERSED.

---

1. Criminal Rule 50(b) provides:
   > (b) *Civil Rules to Apply.* All other provisions of the Rules of Civil Procedure relating to attorneys, regarding applications to the court, stipulations, examining witnesses, counsel as a witness, arguments on motions or hearings, non-resident attorneys, and disbarment and discipline, shall apply to practice in criminal actions in the courts of the state.

2. In *Weidner v. Superior Court*, 715 P.2d 264 (Alaska App.1986), the trial court awarded attorney's fees as a sanction against an attorney in a criminal case. However, in *Weidner* we did not decide whether the trial court could properly award attorney's fees under Civil Rule 95(a).