**Dan H. JERREL, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2223.**

Court of Appeals of Alaska.

Dec. 16, 1988.

Carol A. Brenckle, Asst. Public Defender, Kenai, and Dana Fabe, Public Defender, Anchorage, for appellant.

Nathan A. Callahan, Asst. Dist. Atty., James L. Hanley, Dist. Atty., Kenai, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Dan Jerrel had been charged with disorderly conduct. AS 11.61.110(a)(5). Jerrel's case was scheduled for trial at 9:00 a.m. on July 14, 1987. On the morning of trial, the court convened at 9:00 a.m., but Jerrel was not present. Judge Larry S. Cohn stated that he would wait until 9:30 a.m. for Jerrel to appear. Judge Cohn indicated that if Jerrel had not arrived by 9:30, he would dismiss the jury and issue a warrant for Jerrel. At 9:30, Judge Cohn dismissed the jurors. He explained to the jurors that he was forced to do this because Jerrel had not appeared for trial. He indicated to the jurors that he would sanction Jerrel for the jury fees for his failure to appear. Jerrel

arrived at 9:35 a.m., as the court was dismissing the jury.

The court told Jerrel that he faced sanctions for the expense of calling the jury because he had not appeared for trial at the scheduled time. Judge Cohn gave Jerrel an opportunity to explain the reason for his absence. Jerrel explained that he had had a problem with a horse at the ranch operated by his family. According to Jerrel, he had to rescue a colt that had gotten caught in some wire. Jerrel stated that he originally planned to be at court at 9:00 a.m.; however, he also said that he did not believe that the trial would start until 10:00 a.m. Jerrel said that he was delayed because he had to aid the colt and consequently did not arrive at court until 9:35 a.m.

Judge Cohn noted that Jerrel was in court the previous day when his counsel was advised that trial would start at 9:00 the next morning. Furthermore, Jerrel's counsel had earlier represented to the court that he had spoken to Jerrel the previous evening and had asked Jerrel to meet him at the courthouse at 8:00 a.m. Judge Cohn concluded that Jerrel should have made other arrangements to take care of the colt or at least should have notified the court that he would be late so that the court would not have dismissed the jury. Judge Cohn imposed sanctions of $12.50 per juror. Twenty-two jurors had shown up at the courthouse for jury duty. Consequently, the amount of the sanction was $275. Jerrel appeals, arguing that Judge Cohn erred in imposing the $275 sanction. We reverse.

Judge Cohn did not state the authority on which he relied in imposing sanctions. However, in *Tobey v. Superior Court*, 680 P.2d 782, 784 (Alaska 1983) (footnote omitted), the court stated:

The trial court did not specify the source of its power to impose monetary sanctions upon Mr. Tobey, but there are only three possibilities. Alaska's trial courts may insure proper efficiency and discipline by exercise of (1) the power of contempt authorized by statute and court rule, (2) the power to impose fines and sanctions authorized by court rule, or (3) the inherent power to punish for contempt.

It is apparent that the court could not properly have sanctioned Jerrel for contempt of court. In order for the court to have found that Jerrel was in contempt, the court needed to find that Jerrel's actions were willful. In *L.A.M. v. State*, 547 P.2d 827, 831 (Alaska 1976), the court stated:

Before a party may be held in criminal or civil contempt for failure to abide by a court order, certain elements must be established: (1) the existence of a valid order directing the alleged contemnor to do or refrain from doing something and the court's jurisdiction to enter that order; (2) the contemnor's notice of the order within sufficient time to comply with it; and in most cases, (3) the contemnor's ability to comply with the order; and (4) the contemnor's willful failure to comply with the order.

*See also Continental Ins. Cos. v. Bayless and Roberts, Inc.*, 548 P.2d 398, 407 (Alaska 1976); *Taylor v. District Court*, 434 P.2d 679, 681 (Alaska 1967).[1]

The supreme court has held that courts have the inherent power to punish for contempt. *Continental Ins. Cos.*, 548 P.2d at 408. However, the court's inherent power to punish for contempt is a sanction which requires the court to find willfulness. *Id.* at 407; *cf. Esch v. Superior Court*, 577 P.2d 1039, 1043 (Alaska 1978) (court could not sanction attorney under its

1. In *Continental Ins. Cos.*, the court stated:

When a criminal contempt is involved, all elements of the offense, including that of willfulness, must be proven beyond a reasonable doubt. Here, we have no indication that the trial court found that the failure to comply with the terms of the order of August 12, 1974 was intentional. An intentional or willful failure to comply with an order occurs when such failure is not due to inability, but to

purposefulness, bad faith or fault of petitioner as distinguished from accidental, inadvertent, or negligent conduct. If it is proved that a party had notice of the court's order and was aware of the requirements but failed to comply with the order, in the absence of explanation of the reason for such failure, a court could infer it to be intentional.

548 P.2d at 407 (footnotes omitted).

inherent power without a finding that the attorney was in contempt). Since the court did not find willfulness, it could not have sanctioned Jerrel under its inherent power to punish for contempt.

■ The court, because it did not find that Jerrel's actions were willful, could properly impose sanctions only under a court rule. Jerrel points to AS 12.80.030 which provides:

No costs may be taxed to the defendant in a criminal action or proceeding begun or prosecuted in any of the courts of the state unless otherwise ordered by supreme court rule.

However, Alaska Rule of Criminal Procedure 50 provides, in part:

(b) *Civil Rules to Apply.* All other provisions of the Rules of Civil Procedure relating to attorneys, regarding applications to the court, stipulations, examining witnesses, counsel as a witness, arguments on motions or hearings, nonresident attorneys, and disbarment and discipline, shall apply to practice in criminal actions in the courts of the state.

Under this criminal rule, attorneys have been sanctioned under the authority of Alaska Civil Rule 95(b). *See Weidner v. Superior Court,* 715 P.2d 264, 265 (Alaska App.1986). Civil Rule 95, in its entirety, provides:

(a) For any infraction of these rules, the court may withhold or assess costs or attorney's fees as the circumstances of the case and discouragement of like conduct in the future may require; and such costs and attorney's fees may be imposed upon offending attorneys or parties.

(b) In addition to the authority under (a) of this rule and its power to punish for contempt, a court may, after reasonable notice and an opportunity to show cause to the contrary, and after hearing by the court, if requested, impose a fine not to exceed $500.00 against any attorney who practices before it for failure to comply with these rules or any rules promulgated by the supreme court.

Civil Rule 95(b) authorizes the court to impose sanctions not exceeding $500. However, Rule 95(b) expressly applies only to attorneys. This leaves Rule 95(a) as the only possible authority which Judge Cohn had to impose sanctions on Jerrel.

In *State v. Superior Court,* 743 P.2d 381, 382 (Alaska App.1987), we held that Civil Rule 95(a) does not give the court authority to award costs and attorney's fees in a criminal or juvenile case. In that case, the state caused a mistrial in a juvenile proceeding where the juvenile was charged with committing an act which would be a crime if he were an adult. The trial judge awarded costs and attorney's fees to the minor's attorney as a sanction against the state under Rule 95(a). We concluded that "[i]t is unclear to us from the language of Civil Rule 95(a) whether the supreme court intended to authorize judges to impose costs and attorney's fees as sanctions upon offending attorneys or parties in criminal or juvenile cases.... We conclude that the supreme court has not authorized the imposition of costs and attorneys fees under Civil Rule 95(a)." 743 P.2d at 382.

The state asks us to distinguish *State v. Superior Court,* because that case involved awarding a defendant costs and attorney's fees, not imposing a fine. The state argues that the court should be able to impose a sanction upon a defendant who does not appear for trial. The state points to Criminal Rule 38(a) which states, in part: "The defendant shall be present ... at every stage of the trial, including the impaneling of the jury and return of the verdict...." The state argues that Jerrel was in violation of this rule, and that this violation can be punished under Civil Rule 95(a). It appears doubtful that the supreme court intended to authorize the imposition of sanctions against defendants under Rule 95(a). It is also not at all clear that Criminal Rule 50 incorporates Civil Rule 95(a). By contrast, Civil Rule 95(b) is clearly set up to provide sanctions for attorneys. The rule sets a $500 maximum, and establishes procedures for determining when an attorney is in violation of the rule.

There may be good policy reasons why the court should have the authority to punish defendants, witnesses, or other people

subject to the authority of the court with sanctions similar to that which the court can impose upon attorneys under Civil Rule 95(b).[2] However, it is highly questionable whether the supreme court intended to confer this authority upon courts under Criminal Rule 50 and Civil Rule 95(a). We consequently conclude that the court did not have authority to impose sanctions upon Jerrel under Civil Rule 95(a). We therefore REVERSE the order of the district court.[3]

**2.** The Criminal Rules Committee should review this issue and consider whether the criminal rules should be modified to allow judges to impose non-criminal fines on parties and witnesses.

**3.** Jerrel claims that the trial judge violated the Alaska Code of Judicial Conduct, Cannon 3 A(6)

when he told the jurors that they were being excused because Jerrel had not appeared for trial and that Jerrel would be sanctioned for jurors' fees. It is not necessary for us to decide this issue to dispose of this case, so we decline to do so.